## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

| | |
|---|---|
| **ROBERT SCHELSKE, HUNTLEY W. BAKICH, ZAKAI BUFKIN, SAMUEL L. CONKLIN, JOSHUA J. COSTROFF, SAMUEL GALLOWAY, DOMINIC O. MELL, COLLIN M. MORRISON, NICHOLAS SABALLA, PETER TESTA,** on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>**LLOYD J. AUSTIN, III**, in his official capacity as United States Secretary of Defense; **CHRISTINE WORMUTH**, in her official capacity as Secretary of the Army; **YVETTE K. BOURCICOT**, in her official capacity as Acting Assistant Secretary of the Army (Manpower and Reserve Affairs); **RAYMOND S. DINGLE**, in his official capacity as The Surgeon General and Commanding General, USA Medical Command; and **UNITED STATES OF AMERICA**,<br><br>    Defendants. | Case No.<br><br>**PLAINTIFFS' VERIFIED CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

## PLAINTIFFS' VERIFIED CLASS ACTION COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs, through Counsel, for themselves and other similarly situated, state for their Verified Complaint as follows:

## INTRODUCTION

1. This action involves the systematic effort of Lloyd J. Austin III, Christine Wormuth, Yvette K. Bourcicot, and Raymond S. Dingle, and those who report to them,

(collectively, "**Defendants**" or "**Army**") to violate federal law and the United States Constitution, specifically the Religious Freedom and Restoration Act, 42 U.S.C. § 2000bb through 42 U.S.C. § 2000bb-4 ("**RFRA**"), and the First Amendment's Free Exercise Clause, in a concerted and deliberate circumvention of the religious rights of members of the United States Army.   All Plaintiffs have documented and confirmed sincerely held religious beliefs concerning Defendants' COVID-19 vaccination requirement.  They all seek temporary religious accommodations from the COVID-19 vaccination requirement ("**Vaccine Mandate**"), but none of them have had their requests granted.[1]  As a result, now they face irreparable harm and, in several cases, imminent irreparable harm.

2.     All Plaintiffs have had their accommodation requests processed by and through their chain of command.  As part of that process, each of them was interviewed at least once by an Army Chaplain who confirmed the sincerity of each Plaintiffs' beliefs and the substantial burden being placed upon each Plaintiff to comply with Defendants' Vaccine Mandate.  In each case, that Chaplain recommended approval of the religious accommodation.

3.     On a routine basis, the Army has failed to approve all but a few of the temporary religious accommodation requests, and those were only for end-of-service personnel who will soon be exiting the service.  At the same time, the Army has approved thousands of temporary exemptions to the same mandate, but for secular reasons.[2]

4.     Plaintiffs challenge the policies and actions detailed below on their face and as

---

[1] *Army Command Policy*, Army Regulation 600-20, Para. 5-6 f. (1). "Approved accommodations pertaining to worship practices, dietary practices, medical care, and modesty concerns are temporary and subject to modification or revocation by immediate commanders in accordance with the provisions of para 5–6 a. (4)."

[2] As of September 1, 2022, the Department of the Army has only approved 32 active Army requests for religious accommodation, while approving 2,499 active-duty accommodations. *Department of the Army Updates Total Army COVID-19                              Vaccination                              Statistics*, https://www.army.mil/article/259919/department_of_the_army_updates_total_army_covid_19_vaccination_statistics (last visited Sept. 13, 2022).

applied to Plaintiffs.

5.      Defendants' policies and actions have deprived and will continue to deprive Plaintiffs of their paramount rights and guarantees under the United States Constitution and federal law.

6.      Defendants committed each act alleged herein under the color of law and authority.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and federal law.

8.      The Court also has jurisdiction under 28 U.S.C. § 1346 because this is a civil action against the United States.

9.      The Court also has jurisdiction under 28 U.S.C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

10.     The Court also has jurisdiction pursuant to 42 U.S.C. § 2000bb-1(c) because Plaintiffs' religious exercise has been burdened by Defendants.

11.     Venue is proper in this district under the provisions of 28 U.S.C. § 1402 and 28 U.S.C. § 1391(e) as at least one Plaintiff resides in this judicial district.

## PLAINTIFFS

12.     Plaintiff Huntley Bakich, Jr. is a First Lieutenant on active duty in the Army and is currently assigned at Fort Bliss, Texas. Lieutenant Bakich submitted his religious accommodation request to the Vaccine Mandate on September 20, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process.  Army Chaplain Adam Cavalier confirmed that Lieutenant Bakich's religious beliefs were sincere and that requiring him to receive the COVID-19 vaccine would place an undue and substantial burden

3

on his ability to practice his religion.  On October 11, 2021, Lieutenant Bakich's Commander recommended approval of his request for religious accommodation.  Eleven months later, Lieutenant Bakich's request for religious accommodation was denied on August 3, 2022 by Lieutenant General Raymond S. Dingle, the Surgeon General of the Army.  Lieutenant Bakich appealed that denial on August 16, 2022 to the Assistant Secretary of the Army for Manpower and Reserve Affairs ("**ASA/MR**").  While waiting for his religious accommodation to be acted on, Lieutenant Bakich has successfully finished his time as the most qualified tank platoon leader in his company and has taken command of a Scout Platoon.  Since taking command of the Scout Platoon, he successfully redeployed his platoon from Korea and prepared his platoon for a return to the National Training Center and a follow-on deployment.  The mission has continued to be accomplished despite his unvaccinated status, and no mission has failed or in any way impaired due to that reason.  However, because of Defendants' desire to punish Lieutenant Bakich for his sincerely held religious beliefs, his career progression has been halted.  He is now behind his peers and unable to attend the Maneuver Captain's Career Course (MCCC) while he waits final decision on his request for religious accommodation.  This course is a requirement for him to continue with his military career.  Without the MCCC, his career is stuck in limbo, and he is prevented from promotion, moving to a different post, or doing an interpose transfer.  The delay in processing his request for religious accommodation is deliberate and is intentionally being used to coerce him into violating his sincerely held religious beliefs.  He waited close to a year for his initial denial, but his final denial could occur any day, at which point he will be further coerced with the prospect of a court-martial or life-altering punitive separation and a negatively characterized discharge.

13.     Plaintiff Zakai Bufkin is a Cadet First Class (Senior) at the United States Military Academy ("**USMA**" or "**West Point**"). Cadet Bufkin submitted his religious accommodation

request on August 1, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process.  Army Chaplain Jose M. Rondon confirmed that his religious beliefs were sincere, as well as substantially burdened by the Vaccine Mandate.  Cadet Bufkin's request for religious accommodation was denied on December 10, 2021 by Lieutenant General Raymond S. Dingle.  He appealed that denial on December 17, 2021.  While awaiting his final denial, the mission at USMA was unaffected and was not in any way impaired.  However, Cadet Bufkin's mental health began to deteriorate, however, as he was subjected to coercion and discrimination because of his unvaccinated status.  On August 10, 2022, his appeal was denied by the Acting ASA/MR Secretary Yvette K. Bourcicot.  Prior to that denial, Cadet Bufkin was placed on an indefinite administrative leave of absence for not receiving the COVID-19 vaccine. This leave is without pay and without benefits.  He also had to pay for all his travel expenses home.  Cadet Bufkin currently sits at home waiting for his impending punishment—the forthcoming General Officer Memorandum of Reprimand ("**GOMOR**") and misconduct board that is certain to lead to his expulsion and removal from the Army—because, as a matter of conscience and sincerely held religious beliefs, he cannot comply with Defendants' Vaccine Mandate.  Cadet Bufkin has natural immunity to COVID-19.

14.     Plaintiff Samuel L. Conklin is a Cadet Corporal (Sophomore) at the USMA. Cadet Conklin submitted his religious accommodation request on October 1, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process.  Army Chaplain Jeffrey Tilden confirmed that Cadet Conklin's religious beliefs were sincere and substantially burdened by the Vaccine Mandate.  Cadet Conklin's request for religious accommodation was denied on December 15, 2021 by Lieutenant General Raymond S. Dingle. He appealed that denial on December 21, 2021, but that appeal was denied on August 10, 2022

by the Acting ASA/MR Yvette K. Bourcicot.  Since the start of the pandemic, Cadet Conklin has attended and completed all academic classes, completed summer training for his freshman and sophomore year, and completed all required physical testing without a single mission failure or impairment due to his unvaccinated status.  Cadet Conklin has natural immunity to COVID-19.

15.     Plaintiff Joshua Costroff is a Staff Sergeant in the Army and is currently stationed at Goodfellow Air Force Base in San Angelo, Texas, in this District and Division.  Sergeant Costroff submitted his religious accommodation request on September 30, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process.  An Army Chaplain confirmed that Sergeant Costroff's religious beliefs were sincere and substantially burdened by the Vaccine Mandate, and recommended approval of his religious accommodation request.  Prior to his initial denial, his Company Commander and his Battalion Commander recommended approval of his religious accommodation request.  Sergeant Costroff's request for religious accommodation was denied by Lieutenant General Raymond S. Dingle on April 14, 2022.  He appealed that denial on April 21, 2022.  On September 8, 2022, Sergeant Costroff's appeal was denied by the Acting ASA/MR Yvette K. Bourcicot.  While waiting for the decision on his religious accommodation request, he has been unable to attend career advancing schools including one that is mandatory for promotion.  He has been treated like a soldier who has disobeyed a direct order during this entire process and has been denied temporary duty (TDY) opportunities and favorable actions for over a year now.  Since the start of the pandemic, he has trained and mentored nearly 500 students and his unvaccinated status has not had any impact on the mission.  Plaintiff Costroff has natural immunity to COVID-19.

16.     Plaintiff Samuel Galloway is a Staff Sergeant in the Army and is currently

stationed at Caserma Del Din, Italy.  Sergeant Galloway submitted his religious accommodation request on August 14, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process and his belief that his body belongs to God and is the temple of the Holy Spirit.  Army Chaplain Vernon G. Snyder IV confirmed that Sergeant Galloway's religious beliefs were sincere as well as substantially burdened by the Vaccine Mandate, and recommended approval of his religious accommodation request.  On January 12, 2022, Plaintiff Galloway's request for religious accommodation was denied by Lieutenant General Raymond S. Dingle.  Sergeant Galloway appealed that denial on January 31, 2022.  While awaiting a decision on his final appeal, Sergeant Galloway was ordered by his command to report to the behavioral health clinic for a command directed behavioral health appointment on June 3, 2022.  Sergeant Galloway was told by his command that "[t]his is a mandatory process for anyone who submitted a religious accommodation request" and "a requirement for anyone who is being involuntarily separated."  The command then noted that "I completely understand that [Sergeant Galloway's] appeal is still pending but the direction from the BDE (Brigade) Commander is that we still complete all separation prerequisites (TAP, physical health assessment, etc.) so this is one of those appointments.  It isn't personal."  Sergeant Galloway still has not received a response to his appeal submitted over seven months ago but has been required to complete out-processing procedures in the apparent certainty of his appeal being denied.  From March 2020 through August 2021, his unit, and those in his career field with similar duties, were able to perform their duties and accomplish mission objectives, notwithstanding the lack of a vaccine for COVID-19 during much of that time or the occurrence of COVID-19 generally in the community and in the Army.  Sergeant Galloway's unit was able to deploy and operate in forward locations and accomplish their mission notwithstanding COVID-19.    Sergeant

Galloway has natural immunity to COVID-19.

17.     Plaintiff Dominic O. Mell is a Cadet Sergeant (Junior) at the USMA.  Cadet Mell submitted his religious accommodation request on October 2, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process.  An Army chaplain confirmed that Cadet Mell's religious beliefs were sincere and substantially burdened by the Vaccine Mandate.  Cadet Mell's request for religious accommodation was denied on December 13, 2021 by Lieutenant General Raymond S. Dingle.  Cadet Mell appealed that denial on December 19, 2021, and his appeal was denied on August 10, 2022 by the Acting ASA/MR Yvette K. Bourcicot.  On August 12, 2022, Cadet Mell received a GOMOR.  Cadet Mell submitted rebuttal letters to the GOMOR on August 19, 2022.  On August 29, 2022, the GOMOR was permanently filed in his Army Military Human Resource Record by Brigadier General Mark C. Quander.  That same day, Cadet Mell was notified that he was under investigation for alleged misconduct for his failure to comply with the Vaccine Mandate.  That board convened on September 21, 2022 and found that he had violated Article 90 of the Uniform Code of Military Justice (not following an order to vaccinate given to him by failing to get the currently available COVID-19 vaccines against his sincerely held religious beliefs).  The board of officers recommended that he be separated from West Point with an Honorable Discharge due to his sincerely held Catholic beliefs and the determination that his faith requires him not to comply with the Vaccine Mandate.  His separation is imminent.  During that same board, the United Stated Corps of Cadets Senior Medical Officer, Colonel Laura K. Dawson admitted under oath that no West point Cadet had ever been hospitalized because of COVID.  Cadet Mell has natural immunity to COVID-19.

18.     Plaintiff Collin M. Morrison is a Cadet Corporal (Sophomore) at the USMA.

Cadet Morrison submitted his religious accommodation request on November 19, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process. Army Chaplain Jose M. Rondon confirmed that Cadet Morrison's religious beliefs were sincere and substantially burdened by the Vaccine Mandate. Cadet Morrison's request for religious accommodation was denied on December 20, 2021 by Lieutenant General Raymond S. Dingle. Cadet Morrison appealed that denial on January 1, 2022, and his appeal was denied on August 10, 2022 by the Acting ASA/MR Yvette K. Bourcicot. Cadet Morrison has been ostracized by West Point leadership and his command, and now faces punitive measures and separation. While awaiting a decision on his religious accommodation, Cadet Morrison has been forced to eat by himself and has been singled out for harassment by leadership attempting to coerce him into violating his sincerely held religious beliefs to comply with the Vaccine Mandate. He was permitted, however, to participate in most activities with a mask and performed extremely well during those times with no mission failure occurring due to his unvaccinated status. Morrison also has natural immunity to COVID-19.

19. Plaintiff Nicholas Saballa is a Cadet Corporal (Sophomore) at the USMA. Cadet Saballa submitted his religious accommodation request on December 1, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process and his belief that his body is sacred. An Army chaplain confirmed that his religious beliefs were sincere and substantially burdened by the Vaccine Mandate. Cadet Saballa's request for religious accommodation was denied on December 15, 2021 by Lieutenant General Raymond S. Dingle. Cadet Saballa appealed that denial on December 21, 2021, and his appeal was denied on August 10, 2022 by the Acting ASA/MR Yvette K. Bourcicot. After receiving his final denial and the renewed order to get the COVID-19 vaccination, Cadet Saballa was informed

that he will receive a GOMOR and that he will be separated from West Point.  Although he is not currently active in any activities, no mission at USMA has failed or been impaired due to his unvaccinated status.  Cadet Saballa also has natural immunity to COVID-19.

20.     Plaintiff Robert Schelske is a Staff Sergeant in the Army and is currently stationed at Goodfellow Air Force Base in San Angelo, Texas, in this District and Division. Sergeant Schelske submitted his religious accommodation request on September 14, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process.  An Army Chaplain confirmed that Sergeant Schelske's religious beliefs were sincere and substantially burdened by the Vaccine Mandate and recommended approval of his religious accommodation request.   Prior to the initial denial, both Sergeant Schelske's Company Commander and his Battalion Commander recommended approval of his religious accommodation request.   However, Sergeant Schelske's request for religious accommodation was denied by Lieutenant General Raymond S. Dingle on February 1, 2022.  Sergeant Schelske appealed that denial on February 13, 2022.  On August 10, 2022, his appeal was denied by Acting ASA/MR Yvette K. Bourcicot.  Since the beginning of the pandemic, Sergeant Schelske has served in the role of interim First Sergeant, being selected for this position over other higher ranking non-commissioned officers ("NCO").  He was also selected to serve as the NCO in charge of the course that he currently instructs and has instructed over 1500 hours since the pandemic began.  Despite his unvaccinated status, the mission has continued, and no mission in his command has failed or been impaired.  Sergeant Schelske has natural immunity to COVID-19.

21.     Plaintiff Peter Testa is a Staff Sergeant in the Army and is currently stationed at Fort Bliss, Texas.  Sergeant Testa submitted his religious accommodation request on September

23, 2021, documenting his objections to the use of fetal cell lines in any part of the COVID-19 vaccine process.  Chaplain Adam G. Cavalier confirmed that Sergeant Testa's religious beliefs were sincere and substantially burdened by the Vaccine Mandate, and recommended approval of his religious accommodation request.  On October 9, 2021, Sergeant Testa's Commander recommended approval of his request for religious accommodation.  Eleven months later, Sergeant Testa's request for religious accommodation was denied by Lieutenant General Raymond S. Dingle on August 15, 2022.  Sergeant Testa appealed that denial on August 20, 2022 and anticipates denial of the appeal any day, with punitive measures and separation to follow.  Since submitting his request for religious accommodation, Sergeant Testa's career progression has been halted, and he is now behind his peers as he is unable to attend the Senior Leaders Course in Fort Benning, Georgia, which he needs to attend in order to be promoted. Without the course, he is stuck in limbo—prevented not just from career advancement but even from moving to a different post or doing an interpose transfer to another unit.  Despite Sergeant Testa's unvaccinated status, the mission has continued, and no mission in his command has failed or been impaired.

## **DEFENDANTS**

22.    Defendant Lloyd J. Austin, III is the United States Secretary of Defense. Secretary Austin issued a memorandum on August 24, 2021 requiring the United States Armed Forces to vaccinate all service members, including Plaintiffs.  Secretary Austin also ensured that his directive was followed through the implementation of various enforcement mechanisms. Secretary Austin is sued in his official capacity.

23.    Defendant Christine Wormuth is the United States Secretary of the Army. Secretary Wormuth issued a directive on September 14, 2021, which required the Army to

11

vaccinate all Army service members, including Plaintiffs, against COVID-19—the Vaccine Mandate.  Secretary Wormuth also ensured that her directive was followed by implementing enforcement mechanisms.  Secretary Wormuth is sued in her official capacity.

24.    Defendant Yvette K. Bourcicot is the acting ASA/MR and is responsible for the denial of thousands of religious accommodations appeals as the final appellate authority for the Army.  Assistant Secretary Bourcicot is sued in her official capacity.

25.    Defendant Raymond S. Dingle is the Surgeon General and Commanding General, Army Medical Command and responsible for the initial denial of thousands of requests for religious accommodation from Army soldiers.  Lieutenant General Dingle is sued in his official capacity.

26.    Defendant United States of America, whose policies are requiring the United States Armed Forces to vaccinate all service members contrary to federal and constitutional law, including Plaintiffs, by not providing religious accommodations.

## FACTUAL BACKGROUND

27.    On August 24, 2021, Secretary Austin issued a memorandum titled "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members" (the "**DoD Vaccine Mandate**").[3]  The DoD Vaccine Mandate directs DoD to vaccinate all active duty and reserve service members against COVID-19.

28.    The DoD Vaccine Mandate states that the Military Departments, including the Army, should use existing policies and procedures to manage mandatory vaccination of service members to the extent practicable.

---

[3]    https://media.defense.gov/2021/Aug/25/2002838826/-1/-1/0/MEMORANDUM-FOR-MANDATORY-CORONA VIRUS-DISEASE-2019-VACCINATION-OF-DEPARTMENT-OF-DEFENSE-SERVICE-MEMBERS.PDF    (last visited Sept. 28, 2022).

29.     On September 14, 2021, Defendant Wormuth, Secretary of the Army, issued an order to members of the Army to be vaccinated for COVID-19.[4]

30.     On November 16, 2021, Secretary Wormuth issued an order to punish soldiers who refuse to "become vaccinated against COVID-19."[5] In that memorandum, Secretary Wormuth ordered that those soldiers who refused to vaccinate against COVID-19 would be removed from receiving the following favorable actions: reenlistment, reassignment, promotion, appearance before promotion boards, receipt of awards and decorations, attendance at military or civilian schools, use of earned tuition assistance, receipt of enlistment bonuses or reenlistment bonuses, and assumption of command positions.[6] After the soldier is flagged, they will receive a GOMOR.[7]

31.     Secretary Wormuth issued subsequent guidance on January 31, 2022 establishing personnel actions for unvaccinated active, reserve, national guard soldiers, cadets at the USMA, and Senior Reserve Officers' Training Corps who refuse the COVID-19 vaccination order.[8]

32.     All Plaintiffs have sought religious exemptions from the Vaccine Mandate, as outlined in the following paragraphs, and pursuant to the federal RFRA (42 USC 2000bb) and its implementing regulations, including, without limitation, Department of Defense Instruction ("DoDI") 1300.17.[9]

---

[4] *Army Announces Implementation of Mandatory Vaccines for Soldiers,* Sept. 14, 2021, https://www.army.mil/article/250277/army_announces_implementation_of_mandatory_vaccines_for_soldiers (last visited Sept. 12, 2022).

[5] *Flagging and Bars to Continued Service of Soldiers Who Refuse the COVID-19 Vaccination Order,* Memorandum dated          Nov.          16,          2021.          Available          at: https://www.govexec.com/media/secarmy_memo_flags_and_bars_vaccination_refusal.pdf

[6] *Id.*

[7] *Id.*

[8] https://armypubs.army.mil/epubs/DR_pubs/DR_a/ARN34562-ARMY_DIR_2022-02-000-WEB-1.pdf (last visited Sept 13, 2022).

[9]  https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/130017p.pdf  (last  visited  Sept.  13,  2022)

33.     All Plaintiffs have received an order to receive a COVID-19 vaccination with threats of administrative action to include separation and/or punitive action if they fail to comply with the vaccination requirement.

34.     All Plaintiffs have documented and confirmed sincerely held religious beliefs from Defendants' COVID-19 Vaccine Mandate.   They all seek temporary religious accommodations from the COVID-19 vaccination requirement, but none of them have had their requests approved.

35.     All but two of the Plaintiffs have contracted and recovered from COVID-19 and now have natural immunity to COVID-19.

### The Army Employs an Unconstitutional Double Standard for Exemption Requests, Granting Thousands of Secular Requests While Denying all but a Few Religious Accommodation Requests

36.     As of the date of this complaint, the Army has received over 10,000 requests for religious accommodation from the Vaccine Mandate and has only approved 32 of those requests.[10]  In the meantime, the Army has currently granted close to 15,000 permanent and temporary secular exemption requests to that same Mandate.[11]

---

("Establishes DoD policy providing that an expression of sincerely held beliefs (conscience, moral principles, or religious beliefs) may not, in so far as practicable, be used as the basis of any adverse personnel action, discrimination, or denial of promotion, schooling, training, or assignment.").

[10]   *Department of the Army Updates Total Army COVID-19 Vaccination Statistics*, https://www.army.mil/article/259919/department_of_the_army_updates_total_army_covid_19_vaccination_statistics (last visited Sept. 28, 2022).

[11] *Id.*

| U.S. ARMY COVID-19 EXEMPTION DATA | | | |
|---|---|---|---|
| Temporary | Approved: (includes requests for permanent exemptions) | | |
| Active Army | 2,499 | | |
| Army National Guard | 7,593 | | |
| Army Reserve | 4,660 | | |
| Permanent Medical | Approved: | Disapproved: | Requested: |
| Active Army | 27 | 705 | 759 |
| Army National Guard | 10 | 48 | 63 |
| Army Reserve | 4 | 296 | 325 |
| Permanent Religious | Approved: | Disapproved: | Requested: |
| Active Army | 32 | 1,673 | 4,783 |
| Army National Guard | 0 | 49 | 1,674 |
| Army Reserve | 0 | 33 | 1,935 |

[12]

37.     The granting of almost fifteen thousand secular waivers to the Vaccine Mandate belies any claim that vaccination is a must for mission accomplishment, and this fact conclusively rebuts any stated compelling interest.  Moreover, and upon information and belief, the 32 religious exemptions that have been approved were all granted to either end-of-service personnel or to those who otherwise qualify for a medical or administrative exemption anyway. Secretary Wormuth herself testified before the House Armed Services Committee on May 12, 2022, that the vast majority, if not all, of the approved religious accommodation requests at that point were for those Soldiers who were in the process of leaving the Army.[13]

38.     Defendants Austin, Wormuth, Bourcicot, and Dingle each failed to grant (or even meaningfully consider) thousands of well-founded religious accommodation requests, while processing and approving thousands of secular requests for accommodation that involve job duties similar in risk from a COVID-19 perspective; each of those denials being a violation of RFRA.  Defendants have taken, continue to take, and threaten to take additional actions against

---

[12] *Id.*

[13] Testimony of Secretary of the Army Christine Wormuth before the House Armed Services Committee on May 12, 2022, https://armedservices.house.gov/hearings?ID=BC7D976E-87D8-47A4-B818-7711504FC4E9 .

Plaintiffs, including the threat of punitive actions and involuntary separation from the Army with a General Discharge.

39.    It recently came to light that the Department of Defense ("**DOD**") Acting Inspector General ("**IG**"), Mr. Sean W. O'Donnell, notified Defendant Austin in an official memorandum that he "found a trend of generalized assessments" when reviewing dozens of complaints regarding denied religious accommodation requests, "rather than the individualized assessment that is required by Federal law and DoD and Military Service policies."[14]  The DOD IG further explained that "[t]he denial memorandums we reviewed generally did not reflect an individualized analysis, demonstrating that the Senior Military Official considered the full range of facts and circumstances relevant to the particular religious accommodation request."[15]  The IG's review included a review of religious accommodation requests from all branches of the military, including the Army.

40.    Plaintiffs are unable to comply with the order to receive the COVID-19 vaccination because it violates their fundamental dictates of religion, even in the face of severe punishments under military law.

### Defendants Fail to Meet the Compelling Interest Standard and Fail to Provide any Accommodation to Plaintiffs as Required by RFRA

41.    Dr. Deborah Birx revealed in her testimony before Congress on June 23, 2022 that the COVID-19 vaccines do not prevent infection, do not prevent transmission, and do not

---

[14] Memorandum from Department of Defense Inspector General, Mr. Sean W. O'Donnell, to Secretary of Defense, Lloyd Austin, *Subject: Denials of Religious Accommodation Requests Regarding Coronavirus Disease-2019 Vaccination Exemptions*, dated June 2, 2022.  *Available at* https://s3.amazonaws.com/static.militarytimes.com/assets/pdfs/1663774585.pdf

[15] *Id.*

prevent hospitalization,[16] thereby undermining Defendants' vaccine requirement and refuting any stated compelling interest.

42.   It is now known that natural immunity provides better protection against reinfection and death than those who have been vaccinated by the currently available vaccinations.[17]

43.   In updated guidance published in August 2022, the CDC confirmed that those previously infected with COVID-19 have the same degree of protection against severe illness as those who have been vaccinated.[18]

44.   CDC findings reveal that 95% of Americans have natural immunity from COVID-19 (again, now known to be equivalent to vaccine-derived immunity),[19] and that recent prevalent COVID-19 strains are less lethal and serious than those prevalent in 2020 and 2021.[20]

45.   Further, the Commander in Chief has made public statements that the pandemic is over.[21]

---

[16] *Dr. Birx Says She Knew of Natural COVID-19 Reinfections as Early as December* 2020, June 23, 2022, https://www.c-span.org/video/?c5021092/dr-birx-knew-natural-covid-19-reinfections-early-december-2020 (last visited September 13, 2022).

[17] *Previous infection provides equivalent or better immunity to being fully vaccinated and boosted*, http://www.nejm.org/doi/full/10.1056/NEJMoa2203965/ (last visited September 18, 2022); *see also* CDC, *COVID-19 Cases and Hospitalizations by COVID-19 Diagnosis—California and New York, May–November 2021*, https://www.cdc.gov/mmwr/volumes/71/wr/mm7104e1.htm?s_cid=mm7104e1_w (noting that "[b]y October [of 2021], persons who survived a previous infection had lower case rates than persons who were vaccinated alone").

**[18]** *Summary of Guidance for Minimizing the Impact of COVID-19 on Individual Persons, Communities, and Health Care Systems — United States, August 2022*, https://www.cdc.gov/mmwr/volumes/71/wr/mm7133e1.htm, (last visited Aug. 11, 2022). "CDC's COVID-19 prevention recommendations no longer differentiate based on a person's vaccination status because breakthrough infections occur, though they are generally mild, and persons who have had COVID-19 but are not vaccinated have some degree of protection against severe illness from their previous infection."

[19] https://covid.cdc.gov/covid-data-tracker/#nationwide-blood-donor-seroprevalence (last visited 9/19/2022).

[20] https://www.cdc.gov/mmwr/volumes/71/wr/mm7137a4.htm (last visited 9/29/2022).

[21] https://www.cbsnews.com/news/president-joe-biden-60-minutes-interview-transcript-2022-09-18/ (last visited 9/29/2022).

46.     Among other less restrictive methods, the Army could accommodate Plaintiffs' requests for accommodation by:

      a.    Requiring testing to determine infection;

      b.    Administering temperature checks and/or other screening to determine infection;

      c.    Permitting Plaintiffs to demonstrate they have robust and long-lasting natural immunity to count for compliance with the Vaccine Mandate;

      d.    Providing an exemption as vaccination will not guarantee immunity (and there are members who are currently serving who are not immune to diseases for which they were vaccinated, yet they remain able to serve and deploy);

      e.    Requiring isolation to keep Plaintiffs away from those with the disease;

      f.    Given the significant level of vaccine compliance within the military, accommodating the few numbers of religious exemption requests by providing an exemption (which they *are* already doing for other exemptions), which is not a burden; and/or

      g.    Placing Plaintiffs in a position and/or Army MOS or rank that is available for remote work or telework, or not in contact with other soldiers;

      h.    As a final option, placing Plaintiffs in non-deployable status and/or assignment to a unit that does not deploy overseas.

### **Injunctive Relief Allegations**

47.     Plaintiffs have had (and continue to have) their fundamental constitutional and statutory rights violated by these official capacity Defendants, each of whom is personally involved with the enforcement and/or threatened enforcement of the challenged orders.

Plaintiffs will be irreparably harmed if injunctive relief is not issued.

48.     The public interest is served by the vindication of constitutional and statutory rights, and the weighing of harms warrants issuing injunctive relief.  Because the scope of the violations extends to numerous other members of the Army who are similarly situated, Plaintiffs seek an injunction that similarly covers others similarly situated to remedy the violations at issue.

## **Class Action Allegations**

49.     Plaintiffs reincorporate the preceding paragraphs as if fully written herein.

50.     The actions and violations outlined in this Complaint affect not only the Plaintiffs but also thousands of active, reserve, and Guard members similarly situated.

51.     Pursuant to FRCP 23(a), (i) the class is so numerous that joinder of all members is impracticable (with thousands of potential plaintiffs); (ii) there are questions of law or fact common to the class (including identical claims and an identical policy of religious discrimination); (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.

52.     Pursuant to FRCP 23(b): (i) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (ii) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

53.     Plaintiffs seek a Plaintiff class, consisting of those persons who: (i) submitted a religious accommodation request to the Army from the Army's COVID-19 vaccination

requirement, where the request was submitted or was pending from August 1, 2021 to present; (ii) were confirmed as having a sincerely held religious belief substantially burdened by the Army's COVID-19 vaccination requirement by or through Army Chaplains; and (iii) either had their requested accommodation denied or have not had action on that request.

## FIRST CAUSE OF ACTION
### Violation of Plaintiffs' Rights under the Religious Freedom Restoration Act
### 42 U.S.C. § 2000bb *et seq.*

54.     Plaintiffs reincorporate the foregoing as if fully written herein.

55.     Pursuant to 42 U.S.C. 2000bb-1(a), "[i]n general Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b)."

56.     Pursuant to 42 U.S.C. 2000bb-1(b), "Exception.  Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person— (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

57.     Defendants have substantially burdened, and continue to substantially burden, Plaintiffs' exercise of religion by failing to grant religious accommodations and timely process Plaintiffs' accommodation requests (even though this is required by applicable regulation).

58.     Defendants' burden on Plaintiffs' exercise of religion is not in furtherance of a compelling governmental interest, particularly given the Defendants' serial granting of secular exemptions, and in light of recent findings about robust natural immunity present in the population (and most of these Plaintiffs) through natural immunity, as well as recent findings that vaccination does not stop the spread or transmission of the disease.

59.     Further, even if the government can assert a compelling governmental interest, the Vaccine Mandate is not the least restrictive means of furthering that interest, as evidenced by the Government itself granting significant numbers of secular exemptions from the same mandate, and because less restrictive means—such as those set forth in Paragraph 44—exist.

60.     Pursuant to 42 U.S.C. 2000bb-1(c), "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."

61.     Plaintiffs have no adequate remedy at law for the continuing deprivation of their most cherished constitutional liberties and sincerely held religious beliefs.

62.     Plaintiffs have suffered and continue to suffer irreparable harm as a direct result of Defendants' policy and actions.

63.     Further, Plaintiffs seek injunctive relief to halt the ongoing violations of federal law and to obtain compliance by Defendants with same.

64.     Further, Plaintiffs seek reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988(b) (providing that attorney fees and costs awards are available against the federal government and its officials pursuant to RFRA claims).

## SECOND CAUSE OF ACTION
### Violation of Plaintiffs' First Amendment Right to the Free Exercise of Religion, U.S. Const. Amend. I

65.     Plaintiffs reincorporate the foregoing as if fully written herein.

66.     The First Amendment of the Constitution protects the "free exercise" of religion. Fundamental to this protection is the right to gather and worship. *See W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 638 (1943) ("The very purpose of a Bill of Rights was to withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts . . .

[such as the] freedom of worship and assembly."). As the Supreme Court has noted, "a law burdening religious practice that is not neutral or not of general application must undergo the most rigorous of scrutiny." *Church of the Lukumi Babalu Aye, Inc.v. Hialeah*, 508 U.S. 520, 546 (1993). Because of the Army's policy of granting secular exemptions to the Vaccine Mandate on a case-by-case basis, its refusal to grant religious accommodations on that same basis triggers strict scrutiny. *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021).

67.    Defendants have violated and continue to violate the First Amendment's Free Exercise Clause, as described herein, and cannot meet strict scrutiny because they can neither establish a compelling governmental interest, nor narrow tailoring, given that they grant thousands of accommodations to the Vaccine Mandate for secular reasons while simultaneously refusing accommodations to those who request religious exemptions.

68.    Plaintiffs have sincerely held religious beliefs that are substantially burdened by the Vaccine Mandate.

69.    Plaintiffs have no adequate remedy at law for the continuing deprivation of their most cherished constitutional liberties and sincerely held religious beliefs.

70.    Plaintiffs have suffered and continue to suffer irreparable harm as a direct result of Defendants' policy and actions.

71.    Plaintiffs thus seek declaratory and injunctive relief under 28 USC § 2201 and 28 USC § 2202 for these First Amendment violations as well as reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Defendants and provide Plaintiffs with the following relief:

a.    That this Court issue a declaration that the challenged actions are unconstitutional and illegal under RFRA and/or the First Amendment, as applied to those submitting accommodations, because Defendants' illegal policy substantially burdens Plaintiffs' sincerely held religious beliefs when the Army does not have a compelling interest in forcing immunization on Plaintiffs and less restrictive means are available for accomplishing any legitimate goals;

b.    That this Court certify a class;

c.    That this Court issue preliminary injunctive relief precluding Defendants from taking any further enforcement/punitive action against Plaintiffs, or others similarly situated, during the pendency of this matter related to their request for a religious accommodation from the Vaccine Mandate (unless Defendants rescind their current no-religious accommodation policy);

d.    That this Court direct appropriate final and preliminary injunctive relief to: (i) prohibit retaliation for those seeking religious accommodations or participating in this litigation; (ii) directing Defendants to cease and discontinue their religious discrimination and eradicate it root and branch; (iii) prohibit punitive measures from being taken against anyone who had their religious accommodation denied due to the discriminatory policy; and (iv) direct, in final relief, Defendants to re-process the religious accommodations without the religious discrimination, and direct appropriate restorative relief including record correction to remove the effects or efforts of Defendants to enforce their discriminatory policy, including back pay if warranted, or other appropriate relief;

e.    That this Court award Plaintiffs reasonable attorney fees, costs, and other costs and disbursements in this action pursuant to 42 U.S.C. § 1988; and

f.    All other further relief to which Plaintiffs may be entitled and that this Court shall deem just and proper.

Dated: October 3, 2022                    Respectfully submitted,

                                          Aaron Siri (PHV forthcoming)
                                          Elizabeth A. Brehm (PHV forthcoming)
                                          Wendy Cox (Admission Pending)
                                          SIRI | GLIMSTAD LLP
                                          200 Park Avenue, 17th Floor
                                          New York, NY 10166
                                          (212) 532-1091 (v)
                                          (646) 417-5967 (f)
                                          aaron@sirillp.com
                                          ebrehm@sirillp.com
                                          wcox@sirillp.com

                                          Christopher Wiest (PHV forthcoming)
                                          Chris Wiest, Atty at Law, PLLC
                                          25 Town Center Boulevard, Suite 104
                                          Crestview Hills, KY 41017
                                          (513) 257-1895 (c)
                                          (859) 495-0803 (f)
                                          chris@cwiestlaw.com

                                          Thomas Bruns (PHV forthcoming)
                                          BCVA Law
                                          4555 Lake Forest Drive, Suite 330
                                          Cincinnati, OH 45242
                                          (513) 312-9890 (t)
                                          tbruns@bcvalaw.com

                                          */s/ John C. Sullivan*
                                          John C. Sullivan
                                          S|L LAW PLLC
                                          Texas Bar Number: 24083920
                                          610 Uptown Boulevard, Suite 2000
                                          Cedar Hill, Texas 75104
                                          (469) 523–1351 (v)
                                          (469) 613-0891 (f)
                                          john.sullivan@the-sl-lawfirm.com

                                          *Attorneys for Plaintiffs*

24