## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

| | |
|---|---|
| **ROBERT SCHELSKE,** *et al.,* | |
| Plaintiffs, | |
| v. | Case No. 6:22-cv-00049-H |
| **LLOYD J. AUSTIN, III**, *et al.,* | |
| Defendants. | |

## <u>PLAINTIFFS' MOTION IN LIMINE</u>

Plaintiffs, through Counsel, move this Court for an order, *in limine*, precluding Defendants from offering exhibits or witnesses at the preliminary injunction hearing scheduled for December 16, 2022.  In furtherance of this motion, Plaintiffs' state as follows:

- On Monday, December 12, 2022, Defendants demanded a list of witnesses from the Plaintiffs (Exhibit 1), and followed up to that with a demand and threat that they would involve the Court later that day (Exhibit 2);

- On Tuesday, December 13, 2022, Plaintiffs proposed a witness and exhibit exchange, stating: "With that in mind, and in the interest of a finalized schedule, we propose finalizing our list of witnesses by 3 pm today, and the parties exchanging exhibits by 9 am tomorrow.  Let us know if you are agreeable to same.  We can then discuss stipulations on exhibits tomorrow afternoon (let us know what time works for you)" (Exhibit 3).  Defendants agreed, agreeing to the witness disclosure, and likewise stating "Defendants are also amenable to exchanging exhibits by 9am tomorrow."  (Exhibit 4). Plaintiffs complied with the agreed-to witness disclosure as well.  (Exhibit 5).

- Today, on December 14, 2022, Plaintiffs identified exhibits, by providing a copy of all marked exhibits via dropbox to Defendants (Exhibit 6).

- In response, Defendants did not provide copies of exhibits, but instead 30 minutes after the agreed-to deadline, and after having an sufficient opportunity to review the exhibits provided by Plaintiffs, sent an email as follows:

Counsel,

I apologize for the brief delay. Our designation of potential exhibits is as follows. Defendants also reserve the right not to use or introduce some or all of the designated exhibits. In the interest of avoiding unnecessarily cumulative exchanges, Defendants do not intend to provide Plaintiffs with copies of documents available from the docket. Defendants may also introduce several documents designated below that are not in the record and will provide those limited items shortly.

1) The declarations and attachments of the testifying witness Plaintiffs attached to your complaint ECF No. 1
2) The Preliminary Injunction record including the briefs and all attachments and appendices
3) The appendix to Defendants' combined opposition to Plaintiffs' class motion which will be provided later today
4) The religious accommodation request packet or excerpts thereof for LTC Garwacki
5) The subpoena served on LTC Garwacki

Best,
Keri   (Exhibit 7)

- Plaintiffs again sought compliance with the agreement, offered a brief extension, had yet additional emails, but have been unable to obtain these exhibits in time to have Defendants' exhibits prior to undertaking to travel for the hearing, and not in any sort of timely manner so as to be able to obtain the same preparation time that the Government was given.  (Exhibit 8; Exhibit 9).

## LAW AND ARGUMENT

2

The Government received everything it asked for: a complete listing of the Plaintiffs witnesses, and a complete disclosure of marked and identified exhibits.  It refuses, for its part, to abide to the agreement reached with the Plaintiffs to provide them the same information.  And what is even more incredible is that ***the Government has been able to capitalize on these timely disclosures by Plaintiffs – for instance – it has effectively intimidated and engaged in witness tampering such that LTC Garwacki into not traveling and not testifying***.  (Exhibit 10).

L.R. 26.2 covers the exchange of exhibits, and, while it would not normally be applicable to a preliminary injunction hearing, it was here due the agreement of the parties to exchange exhibits.  It provides:

> All exhibits that a party intends to offer at trial, except those offered solely for impeachment, must be marked with gummed labels or tags that identify them by the exhibit number under which they will be offered at trial, and must be exchanged with opposing parties at least 14 days before the scheduled date for trial. When practicable, a copy of such exhibits must be furnished to the presiding judge at a time and in a manner prescribed by the presiding judge.

Does identifying entire, 600 plus page filing, comply?  To ask that question is to answer it.  How about identifying filings that have not even been made by the agreed-to deadline?  Again, to ask that question is to answer it.

There is significant prejudice here as well: Defendants have had the ability to observe, comb through, and consider the entirety of Plaintiffs' exhibits and witnesses, prior to disclosing their own exhibits.  And, in the meantime, the out-of-town counsel are, in the next two hours, about to undertake travel, and be unable to review, print, or otherwise have these materials in sufficient time to prepare their case.

It would be a different story, if no one made disclosures.  Here Defendants demanded disclosures, threatened Plaintiffs for not providing them, Plaintiffs agreed, and now Defendants have materially failed to comply with their own agreement.

Significant authority supports an order excluding Defendants' exhibits under these circumstances. *JMC Constr. LP v. Modular Space Corp.*, No. 3:07-CV-01925-B, 2008 U.S. Dist. LEXIS 121618 (N.D. Tex. Oct. 28, 2008) (failure to make disclosures resulted in their exclusion); *Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-cv-1091-X, 2021 U.S. Dist. LEXIS 132407 (N.D. Tex. July 15, 2021) (exclusion of evidence not timely disclosed); *Illusions-Dallas Private Club, Inc. v. Steen*, No. 3:04-CV-0201-B, 2007 U.S. Dist. LEXIS 88207 (N.D. Tex. Nov. 29, 2007) (not permitting belated exhibits).  In *Ryals v. Am. Airlines, Inc.*, No. 4:08-CV-460-Y, 2010 U.S. Dist. LEXIS 94953 (N.D. Tex. Sep. 13, 2010), this Court observed that "citations to a large appendix that does not comply with the local rules."

## <u>CONCLUSION</u>

The Motion *in Limine* should be granted.

Dated:  December 14, 2022                              Respectfully submitted,

*/s/ Aaron Siri*
Aaron Siri (admitted PHV)
Elizabeth A. Brehm (admitted PHV)
Wendy Cox (TX 24090162)
SIRI | GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
(212) 532-1091 (v)
(646) 417-5967 (f)
aaron@sirillp.com
ebrehm@sirillp.com
wcox@sirillp.com

*/s/Christopher Wiest*
Christopher Wiest (admitted PHV)
Chris Wiest, Atty at Law, PLLC
25 Town Center Boulevard, Suite 104
Crestview Hills, KY 41017
(513) 257-1895 (vc)
(859) 495-0803 (f)
chris@cwiestlaw.com

Thomas Bruns (admitted PHV)
Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
(513) 312-9890 (vt)
tbruns@bcvalaw.com

John C. Sullivan
S|L LAW PLLC
Texas Bar Number: 24083920
610 Uptown Boulevard, Suite 2000
Cedar Hill, Texas 75104
(469) 523–1351 (v)
(469) 613-0891 (f)
john.sullivan@the-sl-lawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel emailed Defendants' counsel on December 14, 2022 regarding this motion.  Defendants' counsel indicated they opposed this motion.

*/s/Christopher Wiest*
Christopher Wiest (admitted PHV)

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2022, a true and correct copy of this Motion *in Limine* was served by CM/ECF on all counsel or parties of record.

*/s/Christopher Wiest*
Christopher Wiest (admitted PHV)