## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

**ROBERT SCHELSKE,** et al.,

      Plaintiffs,

v.

**LLOYD J. AUSTIN, III**, in his official
capacity as United States Secretary of Defense,
et al,

      Defendants.

Case No. 6:22-cv-00049-H

## PARTIES' STATUS REPORT

The parties disagree about status and next steps.  Pursuant to this Court's order [DE#80], the parties submit their respective positions:

### I.      Plaintiffs' Position

Plaintiffs' position is that the class should be certified, and that class-wide injunctive relief entered.  Plaintiffs take this position in light of ongoing harm and coercion to members of the class.  [*See* Response, DE#83].  Of course, Plaintiffs acknowledge that rescission of the vaccine mandate, *if* it is not followed by a new or substantially similar vaccine mandate by the Secretary of Defense, could make certain aspects of this case moot (but would not make moot claims by soldiers who have had full religious accommodation request adjudications who were issued orders to vaccine and did not comply —for them, the harm continues, as DE#83 indicates).  Said another way, complete rescission may affect the class definition (if complete rescission of the mandate occurs and it is not replaced with a new mandate, the class would then be limited to soldiers with Religious Accommodation Request final denials who received adverse actions).  We note, for what it is worth, that class definitions are frequently changed, oftentimes

1

based on occurrences in the case, and this court is granted extensive discretion to make those changes.  FRCP 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment").

Further, we asked Defendants to pause all additional adverse actions (including to pause General Officer Memoranda of Reprimand and to restore reservists and national guard members to pay and points status), while the effects of the National Defense Authorization Act are assessed by Defendants, but they did not respond to, or agree to, that request.  *See* Exhibit A (emails).  That indicates ongoing harm.  Plaintiffs acknowledge, of course, that the temporary pausing of separations ameliorates the very worst of the harm.  But continuing adverse personnel actions against the putative class, which results in career altering denial of promotions, re-enlistments, denial of pay or retirement points for reservists and national guard members, and administrative flagging that is coercive, is also irreparable harm.  *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336, 348, 353 (5th Cir. 2022).

We acknowledge, of course, that the landscape may change over the next 30 days.  But we must take this case as we find it today, not based on what tomorrow or next week or next month might bring.  And today, there is ongoing irreparable harm to approximately 10,000 soldiers, and a lack of an agreement by Defendants to cease that harm.

## II.     Defendants' Position

1.     On December 22, 2022, the Court ordered the parties to confer and inform the Court how they propose to proceed in light of the status of this litigation and legislative developments surrounding the National Defense Authorization Act for Fiscal Year 2023 ("NDAA").  Additionally, the Secretary of the Army is awaiting the rescission of the mandate by the Secretary of Defense, and any guidance from the Department of Defense that accompanies the rescission to

determine what, if any actions are required for implementation. On December 23, 2022, the NDAA was signed into law and on December 28, 2022, the Army suspended "all processing and initiation of separation actions of Soldiers based solely on Covid-19 vaccine refusal." ECF No. 82 at 1.[1]

2.     Defendants request that the Court briefly defer deciding how to proceed with this case until the Secretary of Defense issues the recission required by the NDAA. Once the Secretary rescinds the August 24, 2021, COVID-19 vaccination requirement, Defendants propose that the parties confer about the scope of that recission and, in light of that, submit a further status report to the Court within five business days describing what, if any, issues remain to be litigated and proposing a schedule to do so. In addition, Defendants request that the Court stay Defendants' deadline to answer or otherwise respond to the complaint—currently January 11, 2023—pending further order of the Court. Under the terms of the NDAA, the recission must issue within two weeks—by January 22, 2023—but may be even sooner. Defendants will promptly notify the Court when the recission is issued.

2.     The imminent recission of the COVID-19 vaccination requirement will have a significant impact on this case, including on the pending motions for class certification and for a class-wide preliminary injunction. For example, Plaintiffs' claim that the August 24, 2021, COVID-19 vaccination policy violates religious liberties and should be enjoined, Compl. at 23,

---

[1]     On January 6, 2023, Plaintiffs filed a response to Defendants' notice regarding the suspension of separations, stating that counsel for Defendants' "did not respond" to a series of questions posed by counsel for Plaintiffs. ECF No. 83. In fact, counsel for Defendants emailed counsel for Plaintiffs before they filed their notice and indicated that those questions "should be addressed after the Secretary issues the recission." Plaintiffs also cite paragraph 3.D.29 of FRAGO 35 to accuse the Army of viewing the NDAA as inapplicable to ready reserves and the national guard. *Id.* at 1–2. Defendants inform the Court that, on January 5, 2023, the Army issued FRAGO 36, which rescinds paragraph 3.D.29 of FRAGO 35. Further, as none of the named Plaintiffs are members of the reserves or national guard, they are not similarly situated to those individuals and may not seek class-wide relief on their behalf.

will become moot, *see U.S. Dep't of Treasury v. Galioto*, 477 U.S. 556, 559–60 (1986) (holding that an issue becomes moot when intervening legislation "alters the posture" of a case); *Veasey v. Abbott*, 888 F.3d 792, 799 (5th Cir. 2018) ("Ordinarily, a[n] [action] challenging a statute would become moot by the legislature's enactment of a superseding law.").[2] In addition, certification of the proposed class, which includes individuals who have yet to receive a decision on their religious accommodation requests and have not received orders to vaccinate, *see* ECF No. 48 at 1, will be improper because those purported class members will no longer be subject to the August 24, 2021, vaccination requirement. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C.J., concurring)).[3] At the very least, the parties will need to submit supplemental briefing on this issue. Also, the purported irreparable harm cited in support of the class-wide preliminary injunction— "the crisis of conscience imposed by the mandate," ECF No. 51 at 6—will dissipate when the vaccination requirement is rescinded. Plaintiffs' assertions about the scope of the imminent rescission are speculative. The Court should proceed based on the content of the rescission itself, not Plaintiffs' assumptions.

4.      On December 29, 2022, Defendants filed a notice informing the Court that Army leadership had made the decision to suspend all processing and initiation of separation actions of Soldiers based solely on Covid-19 vaccine refusal. ECF No. 82 at 1. In that notice, Defendants

---

[2]      Indeed, in litigation challenging the Navy's COVID-19 vaccination requirement, the Fifth Circuit Court of Appeals ordered supplemental briefing on the issue of mootness in light of the NDAA. *See* Order*, U.S. Navy SEALs 1–26 v. Biden*, No. 22-10077 (5th Cir. Jan. 4, 2023); *see also* Order*, U.S. Navy SEALs 1–26 v. Biden*, No. 22-10077 (5th Cir. Jan. 9, 2023) (extending the deadline to file supplemental briefs on mootness to January 27, 2023).
[3]      Even absent the rescission, class certification is improper for the reasons set forth in Defendants' opposition to the motion for class certification. ECF No. 70.

also explained that four Soldiers had been separated from the Army prior to the preliminary

injunction hearing on December 16, 2022, but had effective dates of discharge between

December 16 and December 21, 2022. *Id*. at 2-3. Defendants further informed the Court that

reinstatement would be offered to those four Soldiers based on their unique circumstances, and

that an update would be provided with the instant filing. *Id.* at 3.  The undersigned counsel has

been advised by the Army that each of the four Soldiers has now been contacted by the Army

with an offer of reinstatement, that three Soldiers have declined that offer, and that the fourth

Soldier has indicated an interest in reinstatement and the Army is in the process of implementing

that request.


Dated:  January 6, 2023                                Respectfully submitted,

                                                       /s/ Aaron Siri                              .
                                                       Aaron Siri (admitted PHV)
                                                       Elizabeth A. Brehm (admitted PHV)
                                                       Wendy Cox (TX 24090162)
                                                       Dana Stone (admitted PHV)
                                                       SIRI | GLIMSTAD LLP
                                                       745 Fifth Avenue, Suite 500
                                                       New York, NY 10151
                                                       (212) 532-1091 (v)
                                                       (646) 417-5967 (f)
                                                       aaron@sirillp.com
                                                       ebrehm@sirillp.com
                                                       wcox@sirillp.com

                                                       /s/Christopher Wiest
                                                       Christopher Wiest (admitted PHV)
                                                       Chris Wiest, Atty at Law, PLLC
                                                       25 Town Center Boulevard, Suite 104
                                                       Crestview Hills, KY 41017
                                                       (513) 257-1895 (vc)
                                                       (859) 495-0803 (f)
                                                       chris@cwiestlaw.com

                                                       Thomas Bruns (admitted PHV)

Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
(513) 312-9890 (vt)
tbruns@bcvalaw.com

John C. Sullivan
S|L LAW PLLC
Texas Bar Number: 24083920
610 Uptown Boulevard, Suite 2000
Cedar Hill, Texas 75104
(469) 523–1351 (v)
(469) 613-0891 (f)
john.sullivan@the-sl-lawfirm.com
*Attorneys for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANTHONY J. COPPOLINO
Deputy Branch Director

 /s/ Keri Berman
KERI BERMAN
JOHNNY H. WALKER (D.C. Bar #991325)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12304
Washington, D.C. 20530
Tel.: (202) 514-3183 / Fax: (202) 616-8460
Email: keri.l.berman@usdoj.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, a true and correct copy of this Status Report was served by CM/ECF on all counsel or parties of record.

/s/ Christopher Wiest