UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| ROBERT SCHELSKE, *et al.*, <br>     *Plaintiffs,* <br> v. <br> LLOYD J. AUSTIN, III, <br> United States Secretary of Defense, *et al.*, <br>     *Defendants.* | No. 6:22-cv-0049-H |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' NOTICE/REQUEST
TO UPDATE CLASS DEFINITION AND ADD CLASS REPRESENTATIVE**

On November 23, 2022, Plaintiffs moved to certify a class, which Defendants opposed. ECF Nos. 48, 70. That motion has not been decided. While it was pending, Congress directed the Secretary of Defense to rescind the COVID-19 vaccination requirement challenged in this case. The Secretary did so on January 10, 2023, also directing the removal of all adverse actions solely associated with the denial of a request for religious accommodation, which the Army is in the process of implementing. ECF No. 85.

Following the rescission, Defendants moved to dismiss the case as moot. ECF No. 88. In response, Plaintiffs filed an amended complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. 92. The amended complaint adds a new plaintiff, Luke Chrisman, who was allegedly separated from the Army with a general discharge for refusal to be vaccinated (the other Plaintiffs have not been separated). *See id.* ¶ 23. It also seeks new relief from purported harms related to the rescinded vaccination requirement that, at least for now, Plaintiffs allege to be ongoing, including purportedly missed trainings, delayed promotions, and disciplinary records that have yet to be removed. *See id.* ¶¶ 58–63.

Shortly after amending the complaint, Plaintiffs filed a one-page document styled as a "notice/request" and proposing a significantly different class than that briefed in connection with their prior motion. In particular, the new class definition would expand the proposed class to individuals who have been separated from the Army, ECF No. 95 at 1, whereas the original class was limited to "Army service members," ECF No. 48 at 1. It would also include an additional requirement that class members have suffered some vague "adverse action[]" or "other adverse consequence" due to a prior refusal to be vaccinated. ECF No. 95 at 1.

Defendants respectfully object to the notice and oppose the new proposed class. Class certification entails a "rigorous analysis" in which the party seeking certification "bear[s] the burden of proof that the proposed class satisfies the requirements of Rule 23." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012). And this Court's local rules specify that a request for class certification must be presented by motion with an accompanying brief that provides information specific to the proposed class. *See* LR 23.2. As examples, a class-certification brief must contain "specific factual allegations" about the "approximate number of class members," the "distinguishing and common characteristics of class members," and "questions of law and fact that are common to the class." LR 23.2(b).  As another example, a motion for class certification must set out "the basis for the named plaintiff's claim to be an adequate representative of the class, including financial responsibility to fund the action." LR 23.3 (c).

Plaintiffs have provided none of the required information for the "updated" class definition or for the proposed new class representative (Plaintiff Chrisman), who apparently seeks to represent every Army service member separated due to vaccine refusal. And Plaintiffs' bare-bones "notice/request" does not even attempt to satisfy their burden of showing that the new proposed class satisfies the requirements of Rule 23. *See Stukenberg*, 675 F.3d at 837. Defendants therefore

object to this attempt to certify a class without briefing. Plaintiffs should be required to request certification of the class set forth in their "notice/request" by motion with a supporting brief, which Defendants would oppose.

Dated: February 21, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER M. HAAS
Branch Director

ANTHONY J. COPPOLINO
Deputy Branch Director

 /s/ Johnny Walker
KERI BERMAN
JOHNNY H. WALKER (D.C. Bar #991325)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12304
Washington, D.C. 20530
Tel.: (202) 514-3183 / Fax: (202) 616-8460
Email: johnny.h.walker@usdoj.gov

*Counsel for Defendants*