UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| ROBERT SCHELSKE, *et al.*,<br><br>   *Plaintiffs,*<br><br> v.<br><br>LLOYD J. AUSTIN, III,<br>United States Secretary of Defense, *et al.*,<br><br>   *Defendants.* | No. 6:22-cv-0049-H |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

**CONTENTS**

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 1

I.      Plaintiffs' challenge to the rescinded vaccination requirement is moot. ........................... 1

II.     No exception to mootness applies. ..................................................................................... 5

III.    Plaintiffs' challenges to alleged adverse actions are moot, unexhausted, or unripe. .......... 8

IV.    Plaintiffs' challenge to future vaccination requirements is unripe and
         nonjusticiable. ................................................................................................................. 12

V.      Cadet Bufkin lacks standing. ........................................................................................... 13

CONCLUSION ..................................................................................................................... 14

# AUTHORITIES

## Cases

*Able v. United States*,
  155 F.3d 628 (2d Cir. 1998) .................................................................................................. 13

*Adkins v. United States*,
  68 F.3d 1317 (Fed. Cir. 1995) ............................................................................................... 13

*Chandler v. U.S. Air Force*,
  272 F.3d 527 (8th Cir. 2001) ................................................................................................. 12

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ................................................................................................................ 1

*Doe v. Trump*,
  275 F. Supp. 3d 167 (D.D.C. 2017) ....................................................................................... 13

*Doe 2 v. Shanahan*,
  755 F. App'x 19 (D.C. Cir. 2019) ......................................................................................... 13

*Dunn v. Austin*,
  No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023) .................................................... 4

*Gilligan v. Morgan*,
  413 U.S. 1 (1973) .................................................................................................................. 13

*Harkness v. United States*,
  727 F.3d 465 (6th Cir. 2013) ................................................................................................. 11

*Hodges v. Callaway*,
  499 F.2d 417 (5th Cir. 1974) ................................................................................................... 8

*Kellam v. Metrocare Servs.*,
  No. 12-cv-0352, 2013 WL 12093753 (N.D. Tex. May 31, 2013),
  *aff'd*, 560 F. App'x 360 (5th Cir. 2014) ..................................................................... 10, 11, 12

*Mindes v. Seaman*,
  453 F.2d 197 (5th Cir. 1971) ............................................................................................... 8, 9

*Navy SEAL 1 v. Austin*,
  No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023) ................................................... 4

*Oaxaca v. Roscoe*,
  641 F.2d 386 (5th Cir. Unit A 1981) ..................................................................................... 14

*Orloff v. Willoughby*,
  345 U.S. 83 (1953) ................................................................................................................ 13

*Rostker v. Goldberg*,
   453 U.S. 57 (1981) .................................................................................................... 13

*Roth v. Austin*,
   62 F. 4th 1114 (8th Cir. 2023) ..................................................................................... 4

*Sacks v. Office of Foreign Assets Control*,
   466 F.3d 764 (9th Cir. 2006) ................................................................................... 3, 4

*Schelske v. Austin*,
   --- F. Supp. 3d ---, 2022 WL 17835506 (N.D. Tex. Dec. 21, 2022) ........................... 9

*Sossamon v. Lone Star State of Texas*,
   560 F.3d 316 (5th Cir 2009), *aff'd*, 563 U.S. 277 (2011) ............................................ 6

*Texas v. Biden*,
   20 F.4th 928 (5th Cir. 2021), *rev'd on other grounds*,
   *Biden v. Texas*, 142 S. Ct. 2528 (2022) ....................................................................... 6

*Thomas v. Anchorage Equal Rights Comm'n*,
   220 F.3d 1134 (9th Cir. 2000) ..................................................................................... 4

*U.S. Navy SEALs 1–26 v. Biden*,
   27 F.4th 336 (5th Cir. 2022) .................................................................................. 9, 10

*Zeidman v. J. Ray McDermott & Co.*,
   651 F.2d 1030 (5th Cir. Unit A July 1981) .................................................................. 7

**Statutes**

10 U.S.C. § 14502 ................................................................................................................ 11

**Other Authorities**

168 Cong. Rec. H9425 (daily ed. Dec. 8, 2022) .................................................................... 9

*Hearing on COVID-19's Impact on DoD and Its Servicemembers before the House
   Armed Services Subcommittee on Military Personnel* (Feb. 28, 2023),
   https://perma.cc/PR4U-Z23F ...................................................................................... 2

**INTRODUCTION**

As explained in Defendants' earlier briefs, ECF Nos. 88–89, 105–08, Plaintiffs' challenge to the military's COVID-19 vaccination requirement is moot now that the requirement has been rescinded pursuant to an act of Congress. And Plaintiffs' new challenges to adverse actions that they claim stem from the rescinded vaccination requirement and to any future vaccination requirement confront jurisdictional barriers of their own. The case should therefore be dismissed.

**ARGUMENT**

**I.     Plaintiffs' challenge to the rescinded vaccination requirement is moot.**

Plaintiffs contend that their case is not moot because they could still be criminally prosecuted for disobeying orders to vaccinate. ECF No. 109 at 10–12.[1] But no Plaintiff contends that he has ever been threatened with prosecution, and Plaintiffs' mere speculation that the situation might change does not establish the "*certainly* impending" injury necessary to maintain standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted) (emphasis in original). Moreover, Plaintiffs' argument is beyond speculative; it is implausible. There is no indication that the Army intends to prosecute Plaintiffs for refusing orders to comply with a rescinded vaccination requirement. Even when the vaccination requirement was in place, the Secretary of the Army withheld the authority to court martial soldiers for refusing orders to vaccinate. ECF No. 106 at 19. And now that the vaccination requirement is rescinded, the Army has removed even noncriminal disciplinary actions for refusing orders to vaccinate. *See* A090; 2d Decl. of Michael Suarez ¶¶ 3–4, A113–14. It beggars belief that the Army would court martial Plaintiffs when it has heretofore declined to do so and while simultaneously removing lesser discipline for the same conduct.

---

[1]     Page numbers following an ECF number refer to the blue page numbers generated by the CM/ECF system

In their attempt to argue otherwise, Plaintiffs point to two "pieces of evidence" that they say show that they may yet be prosecuted for refusing to vaccinate. ECF No. 109 at 11. First, they rely on recent congressional testimony by military officials, which they say indicates that the military is contemplating discipline against soldiers like them who refused orders to vaccinate. *Id.* Plaintiffs are, at best, imprecise about what those officials said. To start, no official said anything about criminally prosecuting anyone. Even more to the point, as Defendants have pointed out, the officials were discussing deliberations about how to treat service members who disobeyed an order to vaccinate *without* claiming an exemption. ECF No. 106 at 20. Plaintiffs dismiss this qualification as "ipse dixit" on the part of Defendants, ECF No. 109 at 11, but it is set forth in the very news article they cite. *See* ECF No. 106 at 20 (quoting the article as describing potential discipline against those who "did not seek any type of exemption"). It is also evident from the testimony itself, which Plaintiffs do not directly discuss. The video of the hearing[2] demonstrates that the Undersecretary of Defense of Personnel and Readiness was responding to questions about the Department of Defense's plans for "service members who *did not submit an exemption or accommodation request*, remained unvaccinated, and refused a lawful order to take the vaccine." *Hearing on COVID-19's Impact on DoD and Its Servicemembers before the House Armed Services Subcommittee on Military Personnel* at 27:50–28:32 (Feb. 28, 2023), *available at* https://armedservices.house.gov/hearings/covid-19s-impact-dod-and-its-servicemembers; *see also id.* at 29:29–29:37 (the Undersecretary referring only to "those who refused the vaccine and *did not put in a request for an accommodation*"). Thus, whatever policy may apply to those who failed to seek an accommodation, as to soldiers who requested an accommodation, the Army's policy has been finalized: they will not face discharge or discipline for disobeying an order to

---

[2]   As of this writing, the transcripts of the hearing are not yet available.

vaccinate, and their past discipline for such refusal has been removed. *See* A090; 2d Suarez Decl. ¶¶ 3–4, A113–14.

The next "piece of evidence" Plaintiffs point to as indicative of future prosecutions is a text message that Cadet Morrison received from his immediate commander. ECF No. 109 at 12. But that message does not presage any imminent harm. Again, like the testimony, it does not mention the prospect of prosecution. Further, it is inherently speculative, stating only that the commander "assumes" that Cadet Morrison's noncriminal discipline "could" continue notwithstanding the rescission of the vaccination requirement. ECF No. 93 at 12. But about two weeks after that message, the Army finalized its policy that discipline would be removed (not continued), A090, and, indeed, Cadet Morrison's discipline has been rescinded, 2d Suarez Decl., Ex. B, A129. In these circumstances, a single commander's pre-decisional statement about the possible continuation of discipline does not come close to showing a threat of prosecution.[3]

The cases cited by Plaintiffs also do not support their position. For example, Plaintiffs imprecisely characterize *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764 (9th Cir. 2006), as holding that a plaintiff may challenge a repealed statute so long as the plaintiff previously violated it. ECF No. 109 at 13. But *Sacks* drew a distinction that Plaintiffs fail to appreciate. The plaintiff there violated two different sanctions, one prohibiting travel to Iraq and the other prohibiting the unlicensed importation of medical supplies to Iraq. *Sacks*, 466 F.3d at 769–70. The court concluded (without dispute from the government) that the plaintiff could challenge the travel

---

[3] Plaintiffs have rightly abandoned their argument that the case remains live because it would have res judicata effect in a subsequent damages action. *See* ECF No. 96 at 38. As Defendants explained, that argument fails because a plaintiff must maintain standing for each form of relief sought, declaratory relief requires a sufficiently immediate controversy, and official-capacity judgments have no preclusive effect in subsequent individual-capacity actions for damages. ECF No. 106 at 19–20. Plaintiffs attempt no response to these points.

3

restriction because the government was seeking a civil penalty against the plaintiff for violating it. *Id.* at 771. But the court concluded that the plaintiff could not challenge the medical restrictions because, even though he violated them, he did not "face imminent, or even likely, prosecution" for doing so. *Id.* at 773–74. The same is true here. Because there is no indication that the military intends to criminally charge any Plaintiff to refusing an order to vaccinate, Plaintiffs cannot show the requisite "specific warning or threat to initiate proceedings" required by the court in *Sacks*. *Id.* at 774 (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000)).

In fact, the tide of judicial authority continues to support a finding of mootness. *See* ECF No. 106 at 17 n.2. Since Defendants filed their opening brief, even more courts have dismissed similar proceedings as moot due to the rescission. In *Roth v. Austin*, the United States Court of Appeals for the Eighth Circuit dismissed an appeal of a denial of a preliminary injunction, noting that the NDAA and the Secretary's rescission memorandum "afford[ed] [Plaintiffs] the requested relief" and that this is not a situation where the repealed policy is likely to be reinstated. 62 F. 4th 1114, 1119 (8th Cir. 2023); *see also id.* at 1119–20 (Stras, J., concurring) (noting that "the case is now moot" and that the plaintiffs "do not need relief from a mandate that no longer exists"). The Eighth Circuit did not—and was not asked to—dismiss the case in full, but its conclusions that the plaintiffs had been afforded full relief and that the vaccination mandate is unlikely to be reinstated strongly support the conclusion that challenges to the rescinded vaccination requirement are moot.

More recently, in *Colonel Financial Management Officer v. Austin*, the United States District Court for the Middle District of Florida issued an indicative ruling that challenges to the Marine's and Navy's rescinded vaccination requirements are moot. No. 8:22-cv-1275-SDM, 2023 WL 2764767, at *2 (M.D. Fla. Apr. 3, 2023) (citing *Roth*, 62 F.4th 1114; *Dunn v. Austin*, No. 22-15286, 2023 WL 2319316 (9th Cir. Feb. 27, 2023); *Navy SEAL 1 v. Austin*, No. 22-5114, 2023 WL

4

2482927 (D.C. Cir. Mar. 10, 2023)). The court noted that the voluntary cessation exception did not apply because the rescission "results not from the Secretary [of Defense's] unilateral decision but from a higher authority, Congress[.]" *Id.* at 4. The court also noted that "recurrence of the military's challenged conduct seems, absent any compelling evidence to the contrary, remote and implausible." *Id.* at 4–5.

## II.     No exception to mootness applies.

The three mootness exceptions that Plaintiffs rely upon do not apply. The voluntary cessation exception does not fit because the Department of Defense's rescission of the vaccination requirement was not voluntary; it was directed by Congress. ECF No. 106 at 21–22; *see also Col. Fin. Mgmt. Off.*, 2023 WL 2764767, at *2. Plaintiffs note that not every aspect of the Secretary of Defense's rescission memorandum—including the removal of adverse actions for service members who sought an accommodation—was specifically dictated by Congress, ECF No. 109 at 24, but that does not render the memorandum voluntary. The Secretary rescinded the vaccination requirement, and removed adverse actions associated with it, because of the direction from Congress. Plaintiffs again point to congressional testimony by military leaders in an attempt to sow doubt about the sincerity of the Secretary's removal of adverse actions; but, as explained above, *supra* at 2–3, those officials discussed only service members who refused orders to vaccinate but did not claim any basis for an exemption. And, as explained, *supra* at 3, Cadet Morrison's commander's speculative statement about how the Army might possibly proceed with his discipline preceded a change in Army policy, which resulted in the removal of Cadet Morrison's discipline. 2d Suarez Decl., Ex. B, A129. Plaintiffs also insist that the Deputy Secretary of Defense's February 24, 2023, memorandum contains veiled threats to reinstate the vaccination requirement. In fact, the memorandum discusses only the military's plan to "continue to *promote and encourage* vaccinations for all Service members along with continued use of other effective

5

mitigation measures." A087 (emphasis added). It says nothing about the military once again *requiring* the COVID-19 vaccination.

Even if the voluntary cessation doctrine could apply, courts treat "voluntary governmental cessation of possibly wrongful conduct with some solicitude, mooting cases that might have been allowed to proceed had the defendant not been a public entity[.]" *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir 2009), *aff'd*, 563 U.S. 277 (2011); *see also* ECF No. 106 at 22. Plaintiffs make much of the fact that the Department of Defense does not concede that its vaccination requirement violated Plaintiffs' religious rights. ECF No. 109 at 27. But that is not required to establish mootness. *See Col. Fin. Mgmt. Off.*, No. 8:22-cv-1275, ECF No. 291 at 5 (noting that "the government need not concede unlawful conduct to moot an action by recission of the challenged conduct."). The continued defense of a policy is only one of three conditions that the Fifth Circuit has required to be met before concluding that the voluntary cessation exception applies to the government. *See Texas v. Biden*, 20 F.4th 928, 962 (5th Cir. 2021), *rev'd on other grounds, Biden v. Texas*, 142 S. Ct. 2528 (2022). Here, there is a controlling statement that rescinds the challenged policy and associated policies and undoes adverse actions for those who claimed an exemption. A043–44, A087–92. And there is nothing suspicious about the timing of the rescission or the removal of adverse actions—they resulted from an act of Congress and were clearly not an attempt to avoid litigation, which the Department of Defense had been defending for some time before the rescission. ECF No. 106 at 23–24; *see also Col. Fin. Mgmt. Off.*, No. 8:22-cv-1275, ECF No. 291 at 5 (noting that the rescission of the vaccination requirement is "'unambiguous,' results from Congress's constitutional authority and not from any attempt by the Secretary of Defense to manipulate jurisdiction, [and] has resulted in consistent application[.]").

Next, Plaintiffs turn to the mootness exception for cases that are capable of repetition yet evading review. ECF No. 109 at 28–29. As Defendants explained, the claims here do not satisfy the two-prong test for this exception: the challenged vaccination requirement is neither (1) inherently too short for review nor are Plaintiffs (2) reasonably expected to be subject to the same action again. ECF No. 106 at 25–28. In response, Plaintiffs attempt to satisfy the first prong by arguing that it is not the rescinded vaccination requirement that they challenge, but rather the allegedly discriminatory rejection of their requests for accommodation from that vaccination requirement. ECF No. 109 at 28–29. But the two go hand in hand. Now that the vaccination requirement to which Plaintiffs objected has been rescinded, Plaintiffs no longer require a religious accommodation from COVID-19 vaccination. In any event, Plaintiffs' argument cuts against application of the exception because it acknowledges that the Army's general process for reviewing religious accommodations is itself not short in duration. To meet the second prong of the capable-of-repetition test, Plaintiffs again rely entirely on the same nonexistent threats of a reimposed vaccination requirement in the rescission memoranda, mischaracterized congressional testimony, and the irrelevant text from a commander that was not borne out in the policy ultimately adopted by the Army. ECF No. 109 at 29. As explained, *supra* at 2–3, 5–6, none of this demonstrates that Plaintiffs are again likely to be subject to a vaccination requirement.

Finally, Plaintiffs argue that even if their own claims are moot, the purported class claims survive under the picking-off exception. ECF No. 109 at 29–30. But Defendants did not take any "purposive action" to "pick off" the named Plaintiffs' claims, so the exception does not apply. ECF No. 106 at 29 (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1049–50 (5th Cir. Unit A July 1981)). Plaintiffs rejoin that claims need not be "inherently transitory" to fall under the exception. ECF No. 109 at 29–30. That misunderstands Defendants' argument, which was that

there is no relation back because the claims are *neither* inherently transitory, *nor* is there any purposive action to pick off claims. ECF No. 106 at 29. Plaintiffs have no response to the latter point.

### III.     Plaintiffs' challenges to alleged adverse actions are moot, unexhausted, or unripe.

Plaintiffs argue that, even if there is no threat of future harm left for the Court to enjoin, their case may proceed to remedy lingering adverse actions that they allege to have been caused by the rescinded vaccination requirement. ECF No. 109 at 14–17. Plaintiffs point to three categories of such actions: (1) past discipline, (2) unfavorable discharge characterizations, and (3) delayed promotions. Each category confronts insurmountable barriers to jurisdiction.

First, Plaintiffs claim that their records contain adverse disciplinary actions from their refusals to vaccinate, including General Officer Memoranda of Reprimand ("GOMORs") and flags. ECF No. 109 at 16. As Defendants previously noted, the Secretary of the Army has ordered that those adverse actions be removed. ECF No. 106 at 17–18 (citing A090). Plaintiffs complained in their opposition paper that the Army had yet to implement that order, but that is no longer the case. Any flags and GOMORs related to the refusal of an order to vaccinate have been removed from Plaintiffs' files. 2d Suarez Decl. ¶¶ 3–4, A113–14. Accordingly, Plaintiffs' request for an order eliminating past discipline is moot.

Second, Plaintiff Luke Chrisman requests an order upgrading his discharge from general to honorable. ECF No. 109 at 16–17. As explained, the Army has designated the Army Discharge Review Board and the Army Board for Correction of Military Records to hear requests to upgrade discharges connected with refusals to vaccinate. ECF No. 106 at 33 (citing A092). Plaintiffs assert that this does not afford Private Chrisman complete relief, ECF No. 109 at 16–17, but he must nevertheless exhaust those administrative processes before coming to court. ECF No. 106 at 33 (citing *Hodges v. Callaway*, 499 F.2d 417, 419–20 (5th Cir. 1974) (quoting *Mindes v. Seaman*, 453

F.2d 197, 201 (5th Cir. 1971)). Contrary to Plaintiffs' implication, ECF No. 109 at 18, the Fifth Circuit has not ruled that *Mindes* exhaustion is excused for RFRA claims. Instead, it applied exhaustion requirements to RFRA claims in "an abundance of caution and deferring to circuit precedent." *U.S. Navy SEALs 1–26 v. Biden*, 27 F.4th 336, 346 (5th Cir. 2022). And this Court, "taking the Fifth Circuit's lead," did the same. *Schelske v. Austin*, --- F. Supp. 3d ---, 2022 WL 17835506, at *12 (N.D. Tex. Dec. 21, 2022). It should do so here as well.

Plaintiffs alternatively argue that the Fifth Circuit's decision in *Navy SEALs 1–26* establishes that *Mindes* applies to excuse Private Chrisman from exhausting administrative remedies. ECF No. 109 at 18–19. But Plaintiffs ignore the different context in which *Navy SEALs 1–26* arose. In that case, the Fifth Circuit concluded that the plaintiffs did not need to pursue their requests for religious accommodation through the appeal stage because, among other things, it was almost certain that the appellate authority would affirm the initial denials of their requests for accommodation. 27 F.4th at 347 & n.10. In reaching that conclusion, the Fifth Circuit recited what it viewed as specific "evidence . . . that the Navy has effectively stacked the deck against even those exemptions supported by Plaintiffs' immediate commanding officers and military chaplains." *Id.* at 347. But assuming that decision was correct, it does not apply here: requests for discharge upgrades involve a separate administrative process, and there is no reason to believe that the Army Discharge Review Board or the Army Board for the Correction of Military Records would be "stacked" against Plaintiff Chrisman now that the vaccine requirement has been rescinded. Indeed, when directing the Secretary of Defense to rescind the vaccination requirement, Congress noted that the military "has mechanisms to correct a servicemember's military record for discharge due to failure to receive the COVID-19 vaccine," 168 Cong. Rec. H9425, H9441 (daily ed. Dec. 8, 2022), and the Secretary of Defense and the Secretary of the Army have designated the

9

Discharge Review Board and the Board for Correction of Military Records to receive and hear those requests. A044, 092. Nor does Plaintiff Chrisman face the irreparable harm that the court found in *Navy SEALs 1–26*. He is not subject to any vaccination requirement and therefore is not deprived of any First Amendment freedoms by the need to choose between his religious beliefs and his begin vaccinated. *See* 27 F.4th at 348. Plaintiff Chrisman is therefore not excused from the need to exhaust. Because he has failed to do so, A026–27, his claims should be dismissed.

Third, Plaintiffs Robert Schelske, Joshua Costroff, and Peter Testa seek the Court's help with advancing promotions that they claim were delayed due to their inability to participate in a training course. ECF No. 109 at 18. As Defendants explained, these claims are unripe because Staff Sergeants Schelske and Costroff allege that they were denied trainings only *after* they were examined by the promotion evaluation board, meaning that the missed training could not have been a factor in them not being promoted. ECF No. 106 at 33–34 (citing A023). Both have since been examined by a board that was convened after they allegedly missed the training, but the results of that board are not due until May 2023. *Id.* Thus, their claim that their promotions have been delayed by denied trainings is unripe. And Staff Sergeant Testa fails to allege any specific date on which he was allegedly denied training, *see* Am. Compl. ¶ 22, but it is undisputed that he is now permitted to enroll, ECF No. 106 at 12 (citing Am. Compl. ¶ 60). Plaintiffs entirely fail to address this ripeness defect, thereby conceding it as a basis for dismissal. *See Kellam v. Metrocare Servs.*, No. 12-cv-0352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013) ("Generally, the

failure to respond to arguments constitutes abandonment or waiver of the issue."), *aff'd*, 560 F. App'x 360 (5th Cir. 2014) (citations omitted).[4]

Defendants identified other defects in the delayed-promotion claims that Plaintiffs have either ignored or not adequately rebutted. First, Plaintiffs acknowledge that their request to convene a special selection board is subject to statutory exhaustion requirements. ECF No. 109 at 18 n.5; *see also* ECF No. 106 at 32–33. Plaintiffs state that the statute requires "that an individual cannot go to court until a special selection board is convened or the Secretary refuses to appoint one." ECF No. 109 at 18–19 n.5. Precisely so. *See* 10 U.S.C. § 14502(g)(1). But Plaintiffs do not dispute that neither precondition has been satisfied here. Plaintiffs also argue that they are seeking a special selection board through the "separate" remedy provision in RFRA. ECF No. 109 at 19 n.5. But the exhaustion provision deprives courts of jurisdiction "over *any* claim based *in any way* on the failure of an officer . . . to be selected for promotion by a [special selection board]" until its exhaustion requirements are met. 10 U.S.C. § 14502(g)(1) (emphasis added); *see also Harkness v. United States*, 727 F.3d 465, 470 (6th Cir. 2013). Plaintiffs therefore cannot escape the requirements of § 14502(g) by invoking RFRA.

Finally, Defendants explained that Plaintiffs are unable to obtain backpay because it is not equitable relief in this context. ECF No. 106 at 36–37. Plaintiffs fail to explain how their backpay claims can be considered restitutionary which, Defendants showed, *id.* at 36, they are not. Nor do they adequately explain how back pay is entwined with the requested injunction. Plaintiffs seek

---

[4] Plaintiff Huntley Bakich also initially claimed that his career was delayed due his inability to attend a training course, but, as Defendants pointed out, First Lieutenant Bakich was in fact promoted even while the vaccination requirement was in place, depriving him of standing to claim that his promotion was delayed. Again, Plaintiffs do not address this issue in their opposition and fail to defend any claim on the part of First Lieutenant Bakich, thereby conceding that he lacks a viable promotion claim. *See Kellam*, 2013 WL 12093753, at *3.

11

only a special selection board (not a promotion itself), ECF No. 109 at 19 n.5, and a special selection board would not necessarily entail a retroactive promotion. ECF No. 106 at 36. Plaintiffs also assert that their claims are within the jurisdictional threshold of the Little Tucker Act, ECF No. 109 at 19 n.5, even though their amended complaint contains no waiver of claims under $10,000. But the Little Tucker Act does not provide jurisdiction to award back pay "because such a judgment would be appropriate only as an incident to an order that the plaintiff be promoted[,]" and courts have "no jurisdiction to order a promotion." *Chandler v. U.S. Air Force*, 272 F.3d 527, 529 (8th Cir. 2001).

### IV. Plaintiffs' challenge to future vaccination requirements is unripe and nonjusticiable.

Plaintiffs also contend that they may obtain an injunction preventing the Army from imposing any future COVID-19 vaccination requirements, including any potential requirements for specific deployments, assignments, or operations. ECF No. 109 at 20–22. As Defendants explained, any claim against a future vaccine requirement is unripe and, as a practical matter, impossible to adjudicate. ECF No. 106 at 29–31. Plaintiffs concede the lack of ripeness by declining to offer any rebuttal. *See Kellam*, 2013 WL 12093753, at *3. For that same reason, Plaintiffs are incorrect that there remains a live controversy regarding the Army's processes for adjudicating requests for religious accommodation. ECF No. 109 at 21. None of the Plaintiffs is subject to any vaccination requirement that would compel him to make use of those processes, and none has been denied an accommodation through those processes to any extant vaccination requirement. *See id.* (speculating that the process would be discriminatory "*if* Defendants were to impose another COVID-19 vaccine mandate") (emphasis added). They therefore lack standing.

Further, any vaccination requirements necessary for specific deployments, assignments, or operations would likely be nonjusticiable. ECF No. 106 at 32. The cases cited by Plaintiffs do not indicate the contrary. *See* ECF No. 109 at 22. In fact, those cases largely acknowledge that

12

"[d]eference by the courts to military-related judgments by Congress and the Executive is deeply recurrent in Supreme Court caselaw and repeatedly has been the basis for rejections to a variety of challenges to Congressional and Executive decisions in the military domain." *Able v. United States*, 155 F.3d 628, 633 (2d Cir. 1998); *see also Adkins v. United States*, 68 F.3d 1317, 1324 (Fed. Cir. 1995) (holding that a request for an order directing a promotion "plainly was a request for impermissible 'interfer[ence] with legitimate Army matters'") (quoting *Orloff v. Willoughby*, 345 U.S. 83, 94 (1953)). And none of the cases cited by Plaintiffs contradict the Supreme Court's pronouncement that "[t]he complex subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments, subject *always* to civilian control of the Legislative and Executive Branches." *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973) (emphasis in original).[5] In any event, assessing issues such as justiciability and deference in this context is merely abstract in the absence of an extant vaccination requirement that Plaintiffs challenge. This only further shows that such a claim is unripe.

## V.     Cadet Bufkin lacks standing.

Defendants explained that Plaintiff Zakai Bufkin's academic discharge from the military academy for poor grades does not afford him standing to maintain a challenge to the rescinded vaccination requirement. ECF No. 106 at 36–38. Defendants argued that Cadet Bufkin cannot challenge the vaccination requirement because his academic discharge does not involve an

---

[5]     Plaintiffs also improperly cite *Doe v. Trump*, 275 F. Supp. 3d 167 (D.D.C. 2017), without disclosing that the cited decision was reversed by the District of Columbia Circuit, which acknowledged that review of the challenged policy "must be 'appropriately deferential' in recognition of the fact that [it] concerned the composition and internal administration of the military." *Doe 2 v. Shanahan*, 755 F. App'x 19, 25 (D.C. Cir. 2019) (per curiam) (quoting *Rostker v. Goldberg*, 453 U.S. 57, 83 (1981)).

13

enforcement of that requirement, and an order enjoining it would therefore not prevent his academic separation for poor grades. *Id.* at 37. Plaintiffs do not respond to that argument.

Defendants also showed that Cadet Bufkin cannot show causation for the additional reason that his grades were comparably poor before and after the vaccination requirement went into place. *Id.* Plaintiffs argue that this is a question of fact, but the Court may examine evidence outside the pleadings when assessing whether the causation element for standing is met. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. Unit A 1981). Plaintiffs have failed to show that it is met here.

## CONCLUSION

The amended complaint should be dismissed.

Dated: April 7, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

ANTHONY J. COPPOLINO
Deputy Branch Director

 /s/ Johnny Walker
KERI BERMAN
JOHNNY H. WALKER (D.C. Bar #991325)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12304
Washington, D.C. 20530
Tel.: (202) 514-3183 / Fax: (202) 616-8460
Email: johnny.h.walker@usdoj.gov

*Counsel for Defendants*