UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| **ROBERT SCHELSKE**, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, *et al.*, <br><br> *Defendants.* | Case No. 6:22-cv-00049-H |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully provide notice of one recent decision dismissing the Government's preliminary injunction appeal but remanding the case to the district court for further proceedings.

In *U.S. Navy SEALS 1-26 v. Biden*, Nos. 22-10077, 22-10534, 2023 WL 4362355 (5th Cir. July 6, 2023), the Court held "the mootness of this interlocutory appeal does not prevent the district court from ruling on any of Plaintiffs' claims that remain justiciable." *Id*. at *15-16. "The issues Plaintiffs raise can still be litigated in the district court and appealed after a final judgment, assuming they remain justiciable. The capable-of-repetition exception "is inapplicable in those situations in which the issues underlying the moot appeal are *not* moot in the case remaining before the district court." *Id*. at 15.  The Court then concluded:

> In sum, this interlocutory appeal is moot because the Navy's vaccine policies challenged here have been rescinded and because no exception to mootness applies.  That does not end the litigation, however. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981).  Plaintiffs' case remains before the district court, which will decide in the first instance whether any of Plaintiffs' claims are justiciable. We express no view on that question.  *Id*. at *15-16.

1

Unsurprisingly, the Government misreads *Seals*, citing it for the false proposition that this <u>case</u> is moot, when the Fifth Circuit in *Seals* specifically observed that it was not making a determination about whether the <u>case</u> was moot, leaving that to the district court in the first instance, and instead only the <u>*Government's appeal was moot*</u>, since the Government was appealing its ability to enforce a mandate that it has since lifted.

Dated:  July 20, 2023                                    Respectfully submitted,

                                               */s/ Aaron Siri*                          .
                                               Aaron Siri (admitted PHV)
Elizabeth A. Brehm (admitted PHV)
Wendy Cox (TX 24090162)
SIRI | GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
(212) 532-1091 (v)
(646) 417-5967 (f)
aaron@sirillp.com
ebrehm@sirillp.com
wcox@sirillp.com

*/s/ Chris Wiest*                          .
Christopher Wiest (admitted PHV)
Chris Wiest, Atty at Law, PLLC
25 Town Center Boulevard, Suite 104
Crestview Hills, KY 41017
(513) 257-1895 (v)
(859) 495-0803 (f)
chris@cwiestlaw.com

Thomas Bruns (admitted PHV)
Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
(513) 312-9890 (v)
tbruns@bcvalaw.com

John C. Sullivan
S|L LAW PLLC
Texas Bar Number: 24083920
610 Uptown Boulevard, Suite 2000

2

Cedar Hill, Texas 75104  
(469) 523–1351 (v)  
(469) 613-0891 (f)  
john.sullivan@the-sl-lawfirm.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel of record, by filing same with the Court, via CM/ECF, this 20 day of July, 2023.

/s/Christopher Wiest  
Christopher Wiest (admitted PHV)