UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| ROBERT SCHELSKE, *et al.*, <br>      *Plaintiffs,* <br>   v. <br> LLOYD J. AUSTIN, III, <br> United States Secretary of Defense, *et al.*, <br>      *Defendants.* | No. 6:22-cv-0049-H |

**JOINT SUPPLEMENTAL REPORT**

Pursuant to the Court's July 27, 2023 Order, ECF Nos. 128 and 130, the parties submit the following Joint Supplemental Report.[1]

**Plaintiffs' submission:**

1. Mr. Chrisman elects to proceed in this Court on his RFRA claim, does not believe that exhaustion, administrative or otherwise, under a separate statutory scheme, is a requirement under RFRA under *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336, 346 (5th Cir. 2022) ("it is likely that, following RFRA's enactment, abstention based on the *Mindes* test is no longer permissible.") and *Doster v. Kendall*, 54 F.4th 398, 410-415 (6th Cir. 2022), and in any event, does not elect to pursue such a futile and time-consuming military record correction process from the very officials who determined to characterize his discharge as general (rather than honorable).

---

[1] Due to the parties' protracted negotiations attempting to resolve the disputes herein, in addition to preparing declarations from working Army personnel, the parties were not able to exchange positions until immediately before filing and could not respond directly to each other's written positions.

2. Plaintiffs Costroff, Schelske, and Galloway have had their enlisted record briefs (that had adverse information) completely removed from the iPERMS system by Defendants in their effort at providing partial relief. (Dec. Schelske, Costroff, Galloway, Appx. 1-7). Each now provides a supplemental declaration that the absence of the record will cause them harm, as all of them are pursuing warrant officer selection. (Dec. Schelske, Costroff, Galloway, Appx. 1-7). Plaintiffs offered corrective records to replace these ERB's to Defendants, but they declined to make the corrective effort. (Dec. Wiest, Appx. 14-16). Defendants did so, because, Defendants contend, these adverse records are no longer used. *Id.* at 14. Plaintiffs have attached Mil-Per 23-210, in the appendix to this filing, which indicates that: (i) record briefs, to include the enlisted record briefs, were archived on 9 November, 2022 (i.e. old records would continue to be used) (*Id.* at p. 1 of the guidance, Appx. 9); (ii) there is a four phased approach to implementing a new personnel system that ultimately will result (but has not *yet* resulted) in the discontinuation of these records (*Id.* at p. 2 of the guidance, Appx. 10); and, for future boards, the regulation states that "[i]n FY24, the Army *plans* to transition away from legacy formats," demonstrating that this transition has not yet occurred, and, as was the case throughout the current fiscal year, legacy records continue to be used until that transition occurs, with no projection for the details of when that transition may occur. (*Id.* at Appx. 12). As reflected in the declarations of Schelske, Costroff, and Galloway, warrant officer selection boards specifically require submission of these records that the Army claims are obsolete. (Dec. Schelske, Costroff, Galloway, Appx. 1-7). Plaintiffs believe Defendants' representation(s) otherwise reflect, at best, a misleading stance about future intentions for records and systems, that have not yet occurred.

2

3. The Court has asked whether there are additional adverse actions that remain of record for the (remaining) Plaintiffs, and the Plaintiffs' answer is: yes. Plaintiffs Costroff, Schelske, and Gallow continue to have adverse materials in their records concerning their religious objections to the COVID-19 vaccination mandate that is career destroying. (Dec. Schelske, Costroff, Galloway, Appx. 1-7). And the complete removal of a necessary record does not alleviate the harm. *Id.* The past status update concerning Plaintiff Bufkin and Chrisman likewise remains true (see Doc. 123, Doc. 124).

**Defendants' Response:**

The Army confirms that it has removed all flags or other adverse action related to COVID-19 vaccination for Plaintiffs Costroff, Galloway, and Schelske from both its current personnel management system—the Integrated Personnel and Pay System (IPPS-A) which houses the new Soldier Talent Profile (STP)—and its legacy personnel system, the Electronic Military Personnel Office system (eMILPO), which housed the now defunct Enlisted Record Briefs (ERB). Plaintiffs do not contend that any COVID-19-related adverse action is included in the STPs of Plaintiffs Costroff, Galloway, and Schelske. Plaintiffs also do not dispute that the legacy ERBs, the only documents that contained any reference to COVID-19-related adverse actions, were removed from the legacy recordkeeping system after the Court's prior conference. The only remaining dispute is over the method the Army has employed to remove the adverse action from the legacy recordkeeping system. The Army offered Plaintiffs two methods: 1) remove the legacy ERBs entirely from the legacy record-keeping system because they no longer have any use for these Plaintiffs (the Army has already taken this action); and 2) restore the legacy ERBs to the legacy recordkeeping system redacting the adverse information using a black redaction tool consistent

with the Army's practice of making records corrections in other cases. However, Plaintiffs insist on the adverse material being "scrubbed," i.e. altering the legacy record in a manner which would disguise that it was altered, akin to using a white redaction tool, a method which is inconsistent with the Army's practice for making all types of record corrections. Defendants further state:

1. Following the conference between the Court and the parties on July 21, 2023, Defendants confirmed to Plaintiffs that the Army had switched over its ERB system to the new STP system and that no flags or other adverse action related to COVID-19 vaccination for Plaintiffs Costroff, Galloway, and Schelske were included in this new system. See Defs.' App'x A135, Declaration of Nathan L. May at ¶ 7, 10-11. However, Plaintiffs indicated concern that they were still able to access their old ERBs through a separate folder in the Interactive Personnel Electronic Records Management System (iPERMS). Defendants explained that legacy ERBs were stored in the record review folder as a data loss backstop during the system migration to IPPS-A. Id. at ¶ 12. Defendants further explained that when ERB and STP information is used to populate records for Selection Boards, certain information including the existence of flags or other adverse action is not included and was not included in prior boards for Plaintiffs Costroff, Galloway, and Schelske. See Id. at ¶¶ 9, 11-12; see also infra ¶ 6.

2. In the interests of resolving Plaintiffs' concern, Defendants removed the legacy ERBs from the legacy recordkeeping system and there are no remaining records accessible to anyone reflecting flags or other adverse action related to COVID-19 vaccination for Plaintiffs Costroff, Galloway, and Schelske. See Defs.' Appx. A139, May Decl. ¶ 16.

3. Plaintiffs subsequently stated that they believed removing the legacy ERBs from their records would put Plaintiffs Costroff, Galloway, and Schelske at a disadvantage based

on a statement in MILPER 23-210 that legacy ERBs would populate the Selection Board Briefs during the data transition. Plaintiffs misunderstand the applicability of that policy. None of these Plaintiffs have the potential to appear before any future Selection Board that may rely on information from legacy ERBs, so there is no possible harm that could come to them from the removal of these records from that system. Id. at ¶¶ 13-15. Plaintiffs do not dispute that their record information is now contained in STPs.

4.  However, in the interest of reaching resolution on this issue, the Army offered to redact, using black redactions, any adverse information related to COVID-19 vaccination from Plaintiffs' legacy ERBs and return the redacted files to the legacy recordkeeping system.

5.  Plaintiffs have rejected this offer and request that the Army fully remove any COVID-19 vaccination related information (and any indication that there was ever other information in the record) from their legacy ERB's and return them to the legacy recordkeeping system. The Army cannot agree to this particular method of redaction as it is inconsistent with its practice of making record corrections in all other cases.

6.  As further support for Defendants' submission in the previous Joint Supplemental Notice that Plaintiffs Costroff and Schelske's 2023 evaluations by the Staff Sergeant Evaluation Board did not include consideration of any flags or other adverse information related to COVID-19 vaccination, ECF No. 123, Defs.' Resp. ¶ 5, Defendants respectfully submit those Plaintiffs' Board Records. Defs.' Appx. A001 (Costroff); A074 (Schelske). Defendants are moving concurrently to file these documents under seal due to the personally identifying information contained therein.

7.	In response to Plaintiffs' submission of the Declaration of Zakai Bufkin in support of their position in the previous Joint Supplemental Notice, ECF No. 124, Pls.' Appx. A023-26, Defendants respectfully submit Plaintiff Bufkin's Academic Separation Packet from the United States Military Academy, including Plaintiff Bufkin's personal statement concerning the reasons for his academic performance. Defs.' Appx. A128. Defendants are moving concurrently to file these documents under seal due to the personally identifying information contained therein.

Dated:  July 31, 2023

Respectfully submitted,

| | |
|---|---|
| /s/ Aaron Siri                          . | BRIAN M. BOYNTON |
| Aaron Siri (Admitted *Pro Hac Vice*) | Principal Deputy Assistant Attorney General |
| Elizabeth A. Brehm | |
| (Admitted *Pro Hac Vice*) | ALEXANDER K. HAAS |
| Wendy Cox (TX 24090162) | Branch Director |
| Dana Smith (Admitted *Pro Hac Vice*) | |
| SIRI \| GLIMSTAD LLP | JOSHUA E. GARDNER |
| 745 Fifth Avenue, Suite 500 | Special Counsel |
| New York, NY 10151 | |
| (212) 532-1091 (v) | /s/ Keri L. Berman |
| (646) 417-5967 (f) | KERI L. BERMAN |
| aaron@sirillp.com | Trial Attorney |
| ebrehm@sirillp.com | United States Department of Justice |
| wcox@sirillp.com | Civil Division, Federal Programs Branch |
| dstone@sirillp.com | 1100 L Street NW, Rm. 11206 |
| | Washington, DC 20530 |
| /s/Christopher Wiest           | Tel.: (202) 514-3183 / Fax: (202) 305-7538 |
| Christopher Wiest (Admitted *Pro Hac Vice*) | Email: keri.l.berman@usdoj.gov |
| Chris Wiest, Atty at Law, PLLC | *Counsel for Defendants* |
| 25 Town Center Boulevard, Suite 104 | |
| Crestview Hills, KY 41017 | |
| (513) 257-1895 (vc) (859) | |
| 495-0803 (f) | |
| chris@cwiestlaw.com | |

Thomas Bruns (Admitted *Pro Hac Vice*)
Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242 (513)
312-9890 (vt)
tbruns@bcvalaw.com

John C. Sullivan
S|L Law PLLC
Texas Bar Number: 24083920
610 Uptown Boulevard, Suite 2000
Cedar Hill, Texas 75104
(469) 523–1351 (v) (469)
613-0891 (f)
john.sullivan@the-sl-lawfirm.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record.

*/s/ Christopher Wiest*
Christopher Wiest