UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ROBERT SCHELSKE, et al.,

    Plaintiffs,

v.                                                                                     No. 6:22-CV-049-H

LLOYD J. AUSTIN, III, in his official
capacity as the United States Secretary of
Defense, et al.,

    Defendants.

## ORDER

Before the Court is the defendants' Unopposed Motion to Seal Defendants' Appendix to the Parties' Joint Supplemental Notice. Dkt. No. 134. The defendants seek to file under seal certain military records containing "personally identifying information belonging to certain named [p]laintiffs." *Id.* at 1. For the reasons set forth below, the motion to seal is granted.

"Courts have recognized that the public has a common law right to inspect and copy judicial records[;] [h]owever, . . . [that] right is not absolute." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "Thus, the common law . . . establishes a presumption of public access to judicial records." *Id.* A party may rebut this presumption by showing that "court files might . . . become a vehicle for improper purposes." *Id.* A party may also rebut this presumption if it establishes that sealing the records "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Ct. of Cal. For Riverside Cnty.*, 478 U.S. 1, 9 (1986) (quoting *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "In exercising its discretion to seal judicial records, [a] court must balance the public's common law right of access against the interests favoring nondisclosure." *Van*

*Waeyenberghe*, 990 F.2d at 848. Additionally, "a court abuses its discretion if it . . . fails to articulate any reasons that would support sealing." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).

Here, the Court finds that the parties' interest in keeping the plaintiffs' personal records confidential outweighs the public's right to access the relevant documents. Upon review, the Court finds that personally identifying information is pervasive throughout those records and, therefore, the defendants' request is narrowly tailored to protect the affected plaintiffs' interests. Thus, the appendix to the defendants' motion (Dkt. No. 134-1) shall remain under seal.

So ordered on August __1__, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE