IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| LUKE T. CHRISMAN, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § | No. 6:22-CV-00049-H |
| | § | |
| LLOYD J. AUSTIN, III, in his official capacity as United States Secretary of Defense, et al., | § § § § | |
| | § | |
| Defendants. | § | |

## ORDER

On October 30, 2023, the United States District Judge referred this case to the undersigned United States Magistrate Judge to conduct mediation. ECF No. 146. **PLEASE READ THIS ORDER CAREFULLY—it controls all proceedings related to the mediation, including pre-mediation submission deadlines.**

### I.     SCHEDULING

The mediation is hereby scheduled for **Thursday, December 7, 2023, at 9:00 a.m. CST** before United States Magistrate Judge D. Gordon Bryant Jr. **Through counsel (or individually for pro se litigants), all parties must confirm their attendance at least two days prior to the mediation by contacting the law clerk at (806) 472-1933.** The mediation will take place **in-person** at the George H. Mahon Federal Building, 1205 Texas Avenue, 2nd Floor, Lubbock, Texas 79401.

### II.     FORMAT

The mediation will begin with a general session followed by private caucusing with each side, unless otherwise agreed by the parties or the mediator determines another approach is more

productive. The attorneys and parties are expected to be fully prepared to participate. Mediation and settlement negotiations are a fluid process, and the parties are encouraged to continue to evaluate their respective positions and find creative means to resolve the dispute.

### III.   PREPARATION

Over 95% of all civil suits settle prior to trial. Therefore, settlement preparation should be treated as seriously as that for trial. Planning is essential because the party who is best prepared obtains the best result.

#### A.   Pre-mediation exchange of offers

A mediation is more likely to be productive if, before the mediation, the parties exchange their initial settlement proposals in writing. Accordingly, **no later than November 21, 2023,** counsel for Plaintiff **shall** submit a written itemization of damages and settlement demand to Defendant with a brief explanation of why such a settlement is appropriate as well as a proposed settlement agreement.

**No later November 28, 2023,** Defendant **shall** submit a written counter-offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate as well as a proposed settlement agreement.

Copies of these letters **shall be emailed** to chambers at bryant_orders@txnd.uscourts.gov, on the date submitted to the opposing party. Copies of these letters should **not** be filed with the Clerk's office.

#### B.   Settlement documents

In the event of settlement, the parties will be required to execute an agreement memorializing the terms of settlement *before* the mediation is formally adjourned. **To facilitate this process, the parties are required to exchange proposed settlement documents with their**

**pre-conference settlement proposals.** The parties are also encouraged to agree on as many specific terms of the settlement agreements as possible before the mediation. Copies of proposed agreements should also be emailed to chambers but should **not** be filed with the Clerk's office.

### C. Confidential position papers

Although not required, the Court strongly encourages each party to provide confidential position papers detailing any facts or issues they believe will be helpful to the Court in conducting the mediation, including those they choose not to reveal to the opposing side. Any position papers will be destroyed following the mediation. ***Position papers SHOULD NOT merely incorporate or attach any pleadings, motion(s) for summary judgment, or motion(s) to dismiss***. Any position papers shall be delivered or emailed to chambers **no later than November 28, 2023**. Copies of these position papers should **not** be filed with the Clerk's office.

### D. Client Involvement

For many clients, this will be the first time they have participated in a court-supervised mediation. Counsel must therefore provide a copy of this Order to their clients and must discuss with them the issues listed below prior to the mediation.

### E. Issues to be discussed

Parties should be prepared to discuss the following at the mediation:

(1) What are your objectives in the litigation?

(2) What issues (whether part of this suit or not) need to be resolved? What are the strengths and weaknesses of your case?

(3) Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

(4) What are the points of agreement and disagreement between the parties? Factual? Legal?

(5) What are the barriers to settlement?

(6) What remedies are available through litigation or otherwise?

(7) Are there possibilities for a creative resolution of the dispute?

(8) Do you have adequate information to discuss settlement? If not, what information do you need? How will this information make a meaningful settlement discussion possible?

(9) Are there outstanding liens? Does a representative of the lienholder need to be included?

## IV.   ATTENDANCE OF PARTIES REQUIRED

**All individual parties and party representatives with ultimate settlement authority must be present and participate.** An insured party must also appear with a representative of its insurer who is fully authorized to negotiate and provide final approval of **all** terms of settlement, whether monetary or non-monetary. An uninsured or self-insured corporate party, or a governmental entity, must appear via a representative who is fully authorized to negotiate and provide final approval of **all** terms of settlement, whether non-monetary or monetary. Ultimate settlement authority includes, but is not limited to, the authority to provide final approval for a settlement **up to the limits of the opposing party's most recent settlement demand**. Having a client with this authority available by telephone is **not** an acceptable alternative, except under the most extenuating circumstances, and requires **prior approval** by the Court. It is impossible for a party who is not present to appreciate the process and the reasons which may justify a change in one's perspective towards settlement. Failure to comply with this requirement may result in the rescheduling of the mediation at the cost of the non-complying party.

## V.   CONFIDENTIALITY

Parties are encouraged to be frank and open in their discussions. Unless otherwise agreed by the parties, all conversations and materials produced during the mediation are confidential and shall not be used or disclosed to any outside person or entity and will not be admissible at trial.

4

Unless otherwise agreed by the parties, any brief, document, or other materials supplied by a party shall be returned to the party providing it, upon termination of the mediation. Any notes taken by a party concerning the proceedings shall be destroyed upon termination of the mediation. No recording of any kind shall be made of any of the proceedings. Unless otherwise agreed by the parties, the parties shall not introduce as evidence in any judicial or arbitration proceeding: (1) any view expressed or suggestion made by a party with respect to possible settlement; (2) any admission made by a party during the mediation; (3) any proposal made or view expressed by the judge; or (4) the fact that a party did or did not indicate willingness to accept any proposal for settlement made at the mediation.

## VI.   SANCTIONS

Failure to comply with this Order, or to attend the mediation, without obtaining court approval, shall result in appropriate sanctions.

**SO ORDERED.**

Dated:  November 9, 2023.

_____
**D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE**