UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| LUKE T. CHRISMAN,<br>　　　　　*Plaintiff*,<br>　　v.<br>LLOYD J. AUSTIN, III,<br>　United States Secretary of Defense, *et al.*,<br>　　　　　*Defendants*. | No. 6:22-cv-0049-H |

**MOTION TO EXTEND**

Defendants respectfully request that the Court extend Defendants' deadline to respond to Plaintiffs' Motion for Attorneys' Fees and Costs, ECF Nos. 155, 156, by 45 days to allow time for narrowly targeted discovery, *see* Ex. A; Ex. B, pertaining to the declarations and billing records Plaintiffs submitted with their recent motion for attorneys' fees, *see* ECF No. 157. In the alternative, if the Court does not permit this narrow discovery pertaining to Plaintiffs' declarations and billing records, Defendants request an extension of 21 days for their opposition to Plaintiffs' motion so Defendants may prepare competing declaration(s). Plaintiffs oppose Defendants' motion.

Defendants state as follows in support of this motion:

　　1.　　On September 14, 2023, this Court issued an order granting in part and denying in part Defendants' motion to dismiss the amended complaint. ECF No. 139. In particular, this Court granted Defendants' motion to dismiss the claims of four of the five remaining Plaintiffs but denied Defendants' motion as to Plaintiff Chrisman.

　　2.　　On December 7, 2023, this Court entered an Agreed Order resolving all of Plaintiff Chrisman's remaining claims. ECF No. 150. The Agreed Order provided Plaintiffs 45 days to file any motion for attorneys' fees and litigation costs/expenses related to this matter. *Id*.

3. On January 22, 2024, Plaintiffs filed a motion for attorneys' fees, ECF No. 155, seeking a total of $1,099,233.33 in fees and expenses, ECF No. 156 at 35. Plaintiffs' list of exhibits includes an itemization of all fees and expenses sought in this case; declarations from four of the seven attorneys seeking fees and expenses in this case, including Aaron Siri, Christopher Wiest, Thomas Bruns, and John Sullivan; a declaration from Plaintiff Robert Schelske; a declaration from Plaintiff Chrisman; and a declaration from Johnathan F. Mitchell, an attorney not associated with this matter who allegedly practices in Dallas, Texas.

4. Plaintiffs' attorneys claim the following hourly rates in their motion for fees.

| Name of Professional | Position | Years of Experience (for attorneys) | Requested Hourly Rate (per hour) |
|---|---|---|---|
| Aaron Siri | Partner | 18 | $975 |
| Elizabeth A. Brehm | Partner | 14 | $975 |
| Wendy Cox | Associate | 18 | $875 |
| Dana Smith | Associate | 7 | $775 |
| Gina Mannella | Paralegal | N/A | $240 |
| Christopher Wiest | Partner | 18 | $825 |
| Thomas Bruns | Partner | 33 | $850 |
| John Sullivan | Partner | 11 | $975 |

*See* ECF No. 156 at 26. Plaintiffs' requested rates are far in excess—more than double and close to triple—what this Court has found to be reasonable rates for the Northern District of Texas. *See Casas v. Anthony Mech. Servs., Inc.*, No. 5:22-CV-037-H, 2023 WL 2727550 (N.D. Tex. Mar. 7, 2023) (Hendrix, J.); *see also See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("[T]he relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits.").

5. In this case, reasonable rates consistent with the Lubbock community should apply and the burden is on the fee applicant to show otherwise. *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990); *Hoenninger v. Leasing Enters., Ltd.*, No. 22-50765, 2023 WL 5521058, at *2 (5th

2

Cir. Aug. 25, 2023). In an attempt to obtain significantly higher rates, Plaintiffs have submitted several declarations with their motion for attorneys' fees. ECF No. 157. In opposition to Plaintiffs' application for fees and expenses, Defendants intend to argue that Plaintiffs have not met their heavy burden. *See McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011) ("In an unbroken and consistent line of precedent, this court has interpreted rates 'prevailing in the community' to mean what it says."); *Hensley v. Eckerhart*, 461 U.S. 424, 439 n.15 (1983) (observing that "a mere conclusory statement that [a] fee [is] reasonable" is not a sufficient explanation"). However, because some courts have found that "uncontroverted attorney testimony" can itself serve as sufficient basis to establish attorney's fees and rates, *Synergy Advisory Servs., LLC v. ClearPrism, LLC*, No. 3:22-cv-1699, 2023 WL 6797009, at *2 (N.D. Tex. Oct. 13, 2023), Defendants seek to controvert the evidence offered by Plaintiffs through materials obtained in discovery, Defendants' own declaration(s), and citations to other courts—inside and outside the district—that have refused to apply the exorbitant rates Plaintiffs' attorneys seek here.

6. Plaintiffs' motion for attorneys' fees puts the Plaintiffs' attorneys' rates at issue. Accordingly, Defendants have sought narrowly tailored discovery to ascertain if the rates and total amount of fees Plaintiffs' attorneys now seek to obtain from the Army are similar to what Plaintiffs' attorneys have charged paying clients in the past. *See Abusadeh v. Chertoff*, No. 07-cv-3155, 2012 WL 140499, at *3 (S.D. Tex. Jan. 18, 2012) ("A reasonable fee is one that is adequate to attract competent counsel but does not produce a windfall to the attorney.").

7. In this case, the local rate in the Lubbock community should apply. "In determining reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates." *Solferini v. Corradi USA, Inc.*, No. 4:18-cv-293-ALM, 2021 WL 5415293, at *4 (E.D. Tex. Nov. 19, 2021) (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)); *see also*

*McDonald v. Armontrout,* 860 F.2d 1456, 1458–59 (8th Cir. 1988); *Tomazzoli v. Sheedy,* 804 F.2d 93, 98–99 (7th Cir. 1986); *Rau v. Apple-Rio Mgmt. Co.*, No. 1:97-CV-02345, 2000 WL 35591645, at *3 (N.D. Ga. Mar. 29, 2000) ("The regular hourly billing rate of an attorney is an important consideration in determining a reasonable fee."); *Knight v. State of Alabama*, 824 F. Supp. 1022, 1027 (N.D. Ala. 1993).  When and for what activities attorneys customarily charge their highest rates may also be a relevant consideration in determining fees.  *See White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. June 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience); *United States ex rel. Cook-Reska v. Cmty. Health Sys.*, No. 9-cv-1565, 2015 WL 3386153, at *8 (S.D. Tex. May 4, 2015).  After all, the lodestar method itself is intended to "produce[] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010).

8.    Courts have often allowed similar discovery even where it is the prevailing party seeking information pertaining to the rates of the opposing party.  *See Mendez v. Radec Corp.*, 818 F. Supp. 2d 667, 668–69 (W.D.N.Y. 2011) (collecting cases); *see also, e.g.*, *Bouaphakeo v. Tyson Foods*, No. 5:07-cv-04009-JAJ, 2013 WL 364789, at *3 (N.D. Iowa Jan. 30, 2013) (denying motion for protective order and allowing discovery of hourly rates); *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574–75 (11th Cir. 1985) (holding district court abused its discretion by not allowing discovery concerning hours expended and rates charged by defense attorneys despite admitting that it was having trouble deciding an appropriate fee); *Serricchio v. Wachovia Sees, LLC*, 258 F.R.D. 43, 45–47 (D. Conn. 2009) (permitting discovery of defendant's billing

4

records and expense invoices as relevant to plaintiff's fee application); *Blowers v. Lawyers Coop. Publ'g Co., Inc.*, 526 F. Supp. 1324, 1326–28 (W.D.N.Y. 1981) (holding that information concerning amount of time spent by defendants' counsel and the amount of costs and disbursements was discoverable, but the amount of legal fees spent by defendants was not).

9. Accordingly, on January 27, 2024, Defendants served discovery requests on Plaintiffs, including one interrogatory and three requests for production. *See* Ex. A, Defs.' 1st Set of Interrogatories to Pls; Ex. B, Defs.' 1st Set of Requests for Production to Pls. Those discovery requests seek information regarding counsels' historical billings practices, as well as counsels' retainer agreements for Plaintiffs in this case.[1] This information is necessary for Defendants to fully respond to Plaintiffs' motion for attorneys' fees.

10. Defendants' response to Plaintiffs' motion for attorneys' fees is currently due on February 12, 2024. *See* Local Rule 7.1(e). Plaintiffs' deadline to respond to Defendants' discovery requests is February 26, 2024—two weeks later. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). A 45-day extension on Defendants' deadline to respond to Plaintiffs' motion would put Defendants' deadline at March 28, 2024.

Therefore, Defendants respectfully request that the Court extend Defendants' deadline to respond to Plaintiffs' motion for attorneys' fees by 45 days to allow time for the requisite discovery on attorneys' fees. If the Court does not allow any discovery pertaining to Plaintiffs' motion for attorneys' fees than Defendants request a similar amount of time as Plaintiffs to submit factual

---

[1] Courts have routinely held that the type of information sought in Defendants' discovery requests is not protected by either the attorney client or attorney work product privilege. *See, e.g.*, *Estate of J. Edgar Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *11 (E.D. La. Apr. 2, 2004); *Bowman v. Green Tree Servicing*, No. 3:12-CV-31, 2012 WL 4849616, at *4 (N.D.W. Va. Oct. 11, 2012) (collecting cases).

evidence of their own. Accordingly, if the Court denies Defendants' request for a 45-day extension of their opposition, Defendants respectfully request a 21-day extension of their time to file their opposition to further pursue the possibility of submitting their own evidence to controvert the evidence Plaintiffs have submitted with their motion. This would put their deadline to respond to Plaintiffs' motion at March 4, 2024.

Dated: January 31, 2024  　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　　ALEXANDER K. HAAS
　　　　　　　　　　　　　　　　　　　　　　Branch Director

　　　　　　　　　　　　　　　　　　　　　　JOSHUA E. GARDNER
　　　　　　　　　　　　　　　　　　　　　　Special Counsel

　　　　　　　　　　　　　　　　　　　　　　/s/ *Cassandra M. Snyder*
　　　　　　　　　　　　　　　　　　　　　　ANDREW E. CARMICHAEL
　　　　　　　　　　　　　　　　　　　　　　Senior Trial Counsel
　　　　　　　　　　　　　　　　　　　　　　KERI BERMAN
　　　　　　　　　　　　　　　　　　　　　　CASSANDA M. SNYDER (D.C. Bar #1671667)
　　　　　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　　　1100 L Street NW, Rm. 12304
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　　　　Tel.: (202) 451-7729 / Fax: (202) 616-8460
　　　　　　　　　　　　　　　　　　　　　　Email: cassandra.m.snyder@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*