UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| **LUKE T. CHRISMAN**, *individually and on behalf of all others similarly situated*,<br><br>        Plaintiffs,<br><br>    v.<br><br>**LLOYD J. AUSTIN, III**, *in his official capacity as United States Secretary of Defense, et al*,<br><br>        Defendants. | Case No. 6:22-cv-00049-H |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXTEND

Plaintiffs respectfully request that the Court deny Defendants' Motion to Extend. (Dkt 158.) There is good cause to deny this Motion.

The basis of this motion is not because Defendants' Counsel needs more time as a courtesy, to which Plaintiffs' Counsel would readily accede. Instead, as their motion makes clear, Defendants seek an extension for purposes of pursuing improper discovery. (*See* Dkt. 158.) Defendants have moved for a 45-day extension or, in the alternative, for a 21-day extension should discovery not be permitted by the Court.[1] *Id.*

As their own motion makes clear, Defendants seek an extension of time so that they can conduct a wide-ranging and improper fishing expedition, through Plaintiffs, into records that include communications between Plaintiffs' Counsel and their other clients—every other litigation

---

[1] Should the Court not permit discovery, Plaintiffs would consent to the alternate 21-day extension requested.

client in fact—over a period of more than five years. If that seems like it is wholly improper harassment, it is because it is.

It is richly ironic that Defendants seek discovery—adding significant attorneys' fees and costs to litigation—for the purpose of opposing a Motion for Attorneys' Fees and Costs that Defendants caused.

On Friday, January 26, 2024, Defendants purported to propound discovery upon Plaintiffs. (*See* Declaration of Christopher Wiest, "**Dec. Wiest**".) This discovery is improper for numerous reasons. First, Defendants' discovery request was not properly served pursuant to Fed. R. Civ. P. 5(b)(2). *See* Dec. Wiest ¶ 6. Second, even if properly served, the parties *never* undertook a Rule 26(f) conference in this matter, and so no discovery is appropriate under Rule 26(d). *Id.* ¶¶ 2, 4. Thus, leave of Court was required to propound this discovery, which was not obtained by Defendants. *Id.* Under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1); *see also Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 298 (5th Cir. 2016) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). For that reason alone, the request for an extension to engage in unauthorized discovery should be denied.

Third, even putting the foregoing issues aside, there are other significant problems as explained below.

The discovery consisted of the following Interrogatory:

> **INTERROGATORY NO. 1:**
>
> For each litigation matter handled on a non-pro bono basis, by any Attorney whose time forms the basis of the request for attorney's fees in the above captioned litigation, please provide the case citation of any litigation matter on which the Attorney spent time

> since January 1, 2019, and sought recompense, the billing rate charged by the Attorney for that litigation, the total amount charged by the Attorney for that litigation, and the total amount collected by the Attorney for that litigation.

(Dkt. 158-1 at 4.) The discovery also consisted of the following Requests for Production of Documents:

> **REQUEST FOR PRODUCTION NO. 1:**
> Please produce all documents identified in response to Defendants' interrogatories in this action.
>
> **REQUEST FOR PRODUCTION NO. 2:**
> Please produce all retainer agreements executed with a client regarding representation in any case identified in Interrogatory No. 1.
>
> **REQUEST FOR PRODUCTION NO. 3:**
> Please produce all retainer agreements executed with Plaintiffs regarding representation in the above-captioned case.

(Dkt. 158-2 at 4.)

To be clear, Defendants seek to ask Plaintiffs (presumably also including Plaintiffs who have been dismissed from this action though that is not clear) to identify other clients of <u>Plaintiffs' Counsel</u> in wholly unrelated litigation and, then, for a five-year period, to identify <u>each</u> and <u>every</u> litigation matter that each Plaintiffs' Counsel engaged in, over that <u>five-year period</u>; the total amount charged for each and every litigation matter; the rate; and the total amount collected, and then to apparently produce *all* documents related to same (presumably, invoices). *See* Dkt. 158-1 and 158-2, Interrogatory No. 1; RFP 1; RFP2; *see also Martinez v. Schock Transfer and Warehouse Co., Inc.*, 789 F.2d 848, 850 (10th Cir. 1986) (finding no abuse of discretion in trial court's denial of motions to compel discovery related to petition for attorneys' fees); *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014) (same); *Wyatt v. Ralphs Grocery Co.*, 65 F. App'x 589, 591 (9th Cir. 2003) (same, and time sheets and rates are sufficient to lodge any objections); *See also Annie Oakley Enters. Inc. v. Amazon.com, Inc.*, 2020 U.S. Dist.

LEXIS 221552, 2020 WL 6870922, at *1 (S.D. Ind. 2020) (denying request for discovery related to attorney fee application); *Robison v. Peterson*, 2022 U.S. Dist. LEXIS 114875 (S.D. Ind. 2022) (same).

Further, this wide-ranging fishing expedition is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information must be nonprivileged, relevant, and proportional to the needs of the case to constitute discoverable material. *See Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 436 (5th Cir. 1990) ("Discovery is not justified when cost and inconvenience will be its sole result."); *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017).

Critically, the United States Supreme Court and Fifth Circuit have both posited that fee applications and disputes should not create a "second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Asarco, L.L.C. v. Jordan Hyden Womble Culbreth & Holzer, P.C. (In re Asarco, L.L.C.)*, 751 F.3d 291 (5th Cir. 2014) (satellite litigation over fees should be avoided); *Wachovia Bank v. Tien*, 2015 U.S. Dist. LEXIS 178364 (S.D. Fl. 2015) (denying any discovery related to attorney fees as it generates a second major litigation in contravention of Supreme Court precedent and denying an extension to conduct same); *Boardwalk Apartments, L.C. v. State Autoproperty & Cas. Ins. Co.*, No. 11-2714-JAR, 2014 U.S. Dist. LEXIS 150866, at **7, 9 (D. Kan. Oct. 24, 2014) (denying a motion to discover an engagement letter, noting that under the local rules, "motions for attorney's fees should not usually require discovery, thus discovery is permitted only for good cause after a motion has been made for fees, and after the consultation requirements have been satisfied. In determining whether good cause exists, the Court is mindful that fee disputes should not turn into a second lawsuit for the Court to resolve. Moreover, in showing good cause, the moving party must make a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.") (internal quotation marks and

citations omitted); *Stewart v. County of Sonoma*, 634 F. Supp. 773, 776 (N.D. Ca. 1986) ("There is also no need for further discovery. 'A request for attorney's fees should not result in a second major litigation.'"). Yet, that is what Defendants seek to do: open the door to significant satellite litigation.

As the Declarations of Counsel in the fee application indicate, fees may vary based on case complexity, forum, and difficulty of the litigation *See* Dkt. 157 at 74, PageID#3094 ¶11 ("In my current practice, I charge clients on a case-by-case basis, depending on the complexity, forum, and difficulty of the litigation"); *see also id.* at 95, PageID#3115 ¶10 (same). It is absurd, then, to require Plaintiffs' Counsel to produce invoices for, as an example, simple state court litigation, that had a far different complexity, forum, and difficulty. There is simply no comparison between the two.

Making plain the bad faith and harassing nature of this discovery, Defendants have asked for five years of invoices for <u>each and every attorney</u> for <u>each and every matter</u> each attorney handled. Plaintiffs' Counsels' current legal entitlement to fees has nothing to do with their last five years of bills to other clients in other matters. Likewise, how many hours Plaintiffs' Counsel billed on this case has nothing to do with the last five years of bills to Plaintiffs' Counsels' other clients.

Rather, the issue is what is objectively reasonable in the market for the important and successful work Plaintiffs' Counsel performed in a very challenging, uphill-all-the-way legal environment. The Court has discretion to make that determination and, as even Defendants recognized, "courts have found that 'uncontroverted attorney testimony' can itself serve as sufficient basis to establish attorney's fees and rates, *Synergy Advisory Servs., LLC v. ClearPrism, LLC*, No. 3:22-cv-1699, 2023 WL 6797009, at *2 (N.D. Tex. Oct. 13, 2023)." (Dkt. 158 at 3.)

The discovery requests are not only irrelevant and unnecessary but are also burdensome and costly. As Mr. Wiest's declaration indicates, "[c]ulling through five years of engagement letters and invoices for each and every client and each and every matter is no small task as it would involve retrieval of closed engagement agreements from storage, scanning and redacting privileged materials in both invoices and engagement agreements, and similar substantial undertaking, and would require hundreds of additional attorney hours per law firm to achieve, for marginal, if any, benefit." (Dec. Wiest ¶ 5.). Just to ballpark the undertaking, Mr. Wiest's firm, which consists of Mr. Wiest and, for the past six months, an associate, which is the smallest of the firms involved, has issued approximately 525 invoices to clients since 2019, all of which would have to be printed, reviewed for privilege, and then produced. *Id.*

Mr. Wiest only has engagement agreements readily producible for open files; engagement agreements on closed files are in storage. *Id.* He undertook to pull an invoice for *one client*, for *one month*, in 2019, to print it, to review it for privilege, and to redact privileged materials, and that exercise took approximately 25 minutes to do. *Id.* He did the same for a single engagement agreement from 2021 for a file that is still opened (and so we are not talking about offsite storage retrieval, which would involve more time and expense), and it took another 20 minutes to do that. *Id.* By way of math, Mr. Wiest estimates it would take approximately 300 attorney hours for his firm alone, to accomplish everything the Defendants have asked for, and that is just for his firm. *Id.* As an aside, the total hours he has billed in this matter to date are less than the 300 hours he estimates that it would take to comply with Defendants' discovery requests. *Id.* Other Plaintiffs' counsel have larger law firms, with more invoices, and more clients. *Id.* So, for them, a higher number of hours would be involved. *Id.* In short, Defendants seek to overly burden Plaintiff and his counsel with a massive undertaking. *Id.*

In the same way, this discovery, which gives rise to trade secret issues such as client lists and price lists that are not public, should be protected. *Id.* ¶ 8; *see also Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007); *Rimkus Consulting Group, Inc. v. Cammarata*, 255 FRD 417, 441 (S.D. Tex. 2008).

Indeed, the disclosure of each and every client and invoice, for the past five years, to the federal government, raises particular concerns when one considers that the undersigned counsel routinely represent persons who frequently are challenging governmental action (or defending clients from governmental action). Yet Defendants insist that they essentially turn over their entire client lists (to include organizational clients that challenge government action) and invoices for the past five years to the United States Government, raising particularly acute First Amendment concerns. *See* Dec. Wiest ¶ 6; *see also NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958); *Americans for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373 (2021). Some of the undersigned also represent members of Congress, including in litigation, and hence the disclosure of invoices in such matters represent particularly sensitive issues when it comes to disclosing the nature and extent of legal advice to clients who are members of Congress to the executive branch. *Id.*

Client identities and fee arrangements are confidential and privileged when the representation is not public and runs the risk of revealing the purpose and nature of representation. *See In re Grand Jury Subpoena etc.*, 926 F.2d 1423, 1431 (5th Cir. 1991); *Smith v. MV Transp., Inc.*, No. 1:21-CV-349-DII-SH, 2023 U.S. Dist. LEXIS 84747, at *15 (W.D. Tex. May 15, 2023) (denying the defendant's request for an engagement letter because it was covered by attorney-client privilege and irrelevant). Such materials are within the scope of what Defendants seek. (*See* Dec. Wiest ¶ 7.)

In addition to all of the above, none of the Plaintiffs, who are the targets of the discovery, would be privy to virtually *any* of this information, demonstrating all the more the improper nature of this effort. (*See* Dec. Wiest ¶ 9.) And Defendants have not issued or served subpoenas on Plaintiffs' Counsel themselves, much less demonstrated the high requirement for doing so.

Defendants cite inapposite cases for their contention that the discovery they seek here is appropriate. For instance, in five cases cited by Defendants (*Mendez v. Radec Corp.*, 818 F. Supp.2d 667, 668-669 (WDNY 2011), *Bouaphakeo v. Tyson Foods*, 2013 U.S. Dist. LEXIS 12476 (NDIA 2013), *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566 (11th Cir. 1985), *Serricchio v. Wachovia Sec., LLC*, 258 F.R.D. 43 (D. Conn. 2009), and *Blowers v. Lawyers Cooperative Pub. Co.*, 526 F. Supp. 1324 (WDNY 1981)), the Court permitted discovery of <u>*defendants'*</u> billing records <u>*for the respective case at hand*</u> after defendants, in some of the cases, put their own billing records at issue in their opposition to the plaintiffs' fee motions. In none of these cases did the Court permit discovery against the *plaintiffs* moving for fees, nor did the Court in any of these cases permit five years of discovery into every *other* piece of litigation that defendants' counsel billed or invoiced.

At bottom then, none of the cases that Defendants cite for the proposition that they can engage in wide-ranging discovery outside of the case in question actually support that proposition.

Defendants likewise cite to two unpublished cases to argue that courts have held "that the type of information sought in Defendants' discovery requests are not protected by either the attorney client or attorney work product privilege." *Estate of J. Edgar Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 U.S. Dist. LEXIS 5737 (E.D. La. Apr. 2, 2004) and *Bowman v. Green Tree Servicing*, No. 3:12-CV-31, 2012 U.S. Dist. LEXIS 146473, at *2 (N.D.W. Va. Oct. 11, 2012). Significantly, *Estate of J. Edgar Monroe* did not deal with a request for discovery related

8

to a motion for attorneys' fees. Instead, it dealt with the plaintiffs' request for discovery on the underlying substantive matter before the court which was the plaintiffs' attempted to recover over $4,000,000 in unpaid interest due on a note. Similarly, in *Bowman*, the discovery motion before the court likewise related to the underlying substantive issue which was the plaintiff's consumer protection claim.

Plaintiffs' Counsel have looked, without success, for any case where any court has permitted discovery of materials such as those sought by the Defendants – particularly materials that extend beyond the case being litigated. We found none. The only authority forbade such inquiry. *See Boardwalk Apartments, L.C.*, 2014 U.S. Dist. LEXIS 150866; *see also Menchise v. Akerman Senterfitt*, 532 F.3d 1146 (11th Cir. 2008) (stating that discovery is seldom appropriate in the context of fee awards); *E. & J. Gallo Winery v. Consorzio del Gallo Nero*, 782 F. Supp. 472, 476 (N.D. Cal. 1992) (concluding that discovery would be "unnecessary and wasteful").

Perhaps most significantly, Defendants' discovery requests will have the negative far-reaching effect of deterring future actions against the government. Defendants' requests, which are frivolous and intended to harass, are just one of many examples of the heavy-handed tactics Defendants have utilized throughout this litigation. Inevitably, were Defendants to be successful in this type of fishing expedition, it would act as a massive deterrent effect. Attorneys would think twice, or thrice, about ever suing the government if they knew that, after succeeding, as Plaintiffs' Counsel did in this case, they would have to disclose all their bills (and their client list) over the previous five years just to receive payment due to them. Notably, there is no scenario where a third-party legal vendor would be required to submit five years of past billing statements before the federal government would pay what it owes.

In sum, the discovery is not permitted, was improperly served, is not in the possession of Plaintiffs, would deter future litigation against the government, is overbroad, burdensome, harassing, irrelevant, partially privileged, raises First Amendment and potentially other constitutional issues, and is wholly unnecessary to the central question before the Court pursuant to Plaintiffs' motion for fees: whether the time spent on this case and the hourly rates sought are objectively reasonable in the market. Plaintiffs' motion, brief, and declarations in support (Dkt. 155, 156, 157) contain all the information needed by Defendants to oppose that motion.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Extend to the extent it seeks a 45-day extension to conduct improper discovery and deny the improper discovery sought by Defendants.

Dated: February 2, 2024                             Respectfully submitted,

*/s/ Aaron Siri*
Aaron Siri (admitted PHV)
Elizabeth A. Brehm (admitted PHV)
Wendy Cox (TX 24080162)
Dana Stone (admitted PHV)
SIRI | GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
(212) 532-1091 (v)
(646) 417-5967 (f)
aaron@sirillp.com
ebrehm@sirillp.com
wcox@sirillp.com
dstone@sirillp.com

*/s/ Christopher Wiest*
Christopher Wiest (admitted PHV)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd., Suite 1280
Covington, KY 41011
(513) 257-1895 (vc)
(859) 495-0803 (f)
chris@cwiestlaw.com

        Thomas Bruns (admitted PHV)
Bruns, Connell, Vollmar & Armstrong, LLC
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
(513) 312-9890 (vt)
tbruns@bcvalaw.com

John C. Sullivan
S|L LAW PLLC
Texas Bar Number: 24083920
610 Uptown Boulevard, Suite 2000
Cedar Hill, Texas 75104
(469) 523–1351 (v)
(469) 613-0891 (f)
john.sullivan@the-sl-lawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2024, a true and correct copy of Plaintiffs' Opposition to Defendant's Motion to Extend was served by CM/ECF on all counsel or parties of record.

*/s/ Aaron Siri*
Aaron Siri