UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| Luke Chrisman, *Plaintiff,* v. LLOYD J. AUSTIN, III, United States Secretary of Defense, *et al.,* *Defendants.* | No. 6:22-cv-0049-H |

## <u>DECLARATION OF CHRISTOPHER WIEST</u>

Pursuant to 28 U.S.C. §1746, the undersigned, Christopher Wiest, Esq., makes the following declaration, under penalty of perjury under the laws of the United States of America, that the facts contained herein are true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge:

1.     My name is Christopher Wiest. I am, and have been, one of the Counsel for Plaintiffs in the above captioned matter.

2.     We have never held a Fed. R. Civ. P. 26(f) conference in the above captioned matter.

3.     We received an email from Defendants, which contained discovery requests, on January 26, 2024.

4.     The requested discovery is not authorized under Fed. R. Civ. P. 26(d).

5.     Culling through five years of engagement letters and invoices for each and every client and each and every matter is no small task as it would involve, for engagement agreements, retrieval of closed files from storage, and for both engagement agreements and invoices, scanning and redacting privileged materials, and the like, and would require hundreds of additional attorney hours per law firm to achieve, for marginal, if any, benefit. Just to ballpark the undertaking, my

1

firm, which consists of myself and, for approximately the past six months, an associate, which is the smallest of the firms involved, has issued approximately 525 invoices to clients since 2019, all of which would have to be printed, reviewed for privilege, and then produced.  I only have engagement agreements readily producible for open files; engagement agreements on closed files are in storage.  I undertook to pull an invoice for *one client*, for *one month*, in 2019, to print it, to review it for privilege, and to redact privileged materials, and that exercise took approximately 25 minutes to do.  I did the same for a single engagement agreement from 2021 for a file that is still opened (and so we are not talking about offsite storage retrieval, which would involve more time and expense), and it took another 20 minutes to do that.  By way of math, I estimate it would take approximately 300 attorney hours for my firm alone, to accomplish everything the Defendants have asked for, and that is just for my firm.  As an aside, the total hours I have billed in this matter to date are less than the 300 hours I estimate that it would take to comply with Defendants' discovery requests.  My co-counsel have larger law firms, with more invoices, and more clients.  So, for them, a higher number of hours are likely involved.  In short, Defendants seek to overly burden Plaintiff and his counsel with a massive undertaking.

6.     The disclosure of each and every client and invoice, for the past five years, to the federal government, for the counsel on this case, raises particular concerns when one considers that the undersigned counsel represent persons who usually are challenging governmental action, and Defendants insist that we essentially turn over our entire client lists (to include organizational clients that challenge government action) which raises particularly acute First Amendment concerns.  *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958); *Americans for Prosperity Foundation v. Bonta*, 141 S.Ct. 2373 (2021). Furthermore, some of Plaintiffs' Counsel (specifically myself, Mr. Siri, Ms. Brehm, and Mr. Bruns) represent members of Congress,

including in litigation, and yet the disclosure of invoices, represents particularly sensitive issues when it comes to disclosure to the executive branch.

7.      This discovery also calls for the disclosure of non-public representational matters, including matters that have not yet been filed, and non-public clients, which raises significant privilege concerns.

8.      In the same way, the requested discovery gives rise to trade secret issues, as non-public client and lists are generally protected as trade secrets, but ostensibly Defendants seek the disclose of same.

9.      The remaining Plaintiff would not be privy to virtually *any* of this information, demonstrating all the more the improper nature of this effort.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.


Executed on __2/2/2024_____.        _____

                                             Christopher Wiest

3