UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| LUKE T. CHRISMAN, individually and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>LLOYD J. AUSTIN, III, in his official capacity as United States Secretary of Defense, et al.,<br><br> Defendants. | No. 6:22-CV-049-H |

## ORDER

Before the Court is the defendants' opposed motion to extend their deadline to respond to the plaintiff's motion for attorneys' fees and costs. Dkt. No. 158. Having considered the motion, the plaintiff's response (Dkt. No. 160), and the applicable law, the defendants' motion is granted in part and denied in part. The defendants are granted a 21-day extension of their deadline to respond. Any response filed on or before March 4, 2024, shall be considered timely. However, the Court finds that discovery in connection with the motion for attorneys' fees is not appropriate. The plaintiff and his counsel need not respond to any discovery request or subpoena that has been served by the defendants related to the fee request.

The defendants have requested a 45-day extension of their deadline to respond to the plaintiff's motion for attorneys' fees. Dkt. No. 158. They argue that this time is necessary to discover "information regarding counsels' historical billings practices, as well as counsels' retainer agreements for Plaintiffs in this case." *Id.* at 5. In particular, they seek (1) "the case citation of any litigation matter on which the Attorney spent time since January 1, 2019,

and sought recompense, the billing rate charged by the Attorney for that litigation, the total amount charged by the Attorney for that litigation, and the total amount collected by the Attorney for that litigation" for all non-pro bono litigation matters handled by any attorney seeking attorneys' fees in this case; (2) "all documents identified in response to Defendants' interrogatories"; (3) "all retainer agreements executed" for the aforementioned cases; and (4) "all retainer agreements executed with Plaintiffs regarding representation in [this] case." Dkt. Nos. 158-1 at 4; 158-2 at 4. In opposition, the plaintiff argues, among other things, that the requested discovery is not proportional to the needs of the case and is unduly burdensome. *See* Dkt. No. 160 at 4, 6.

The Court finds that the defendants' requested discovery is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff's counsels' billing rates and records for every matter in the past five years are not necessary to determine a reasonable rate and number of hours for the attorneys' fees in this case. And such a request is unduly burdensome on plaintiff's counsel. *See* Dkt. No. 160-1. In addition, discovery is "rarely permitted" in connection with a motion for attorneys' fees, since "a 'request for attorney's fees should not result in a second major litigation.'" *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also* Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment (noting that discovery may be useful in a fee dispute "[o]n rare occasion"). Thus, the Court concludes that discovery is not necessary for determination of the issues before it. The defendants' request for additional time to conduct discovery is denied, and the plaintiff need not respond to the defendants' discovery requests related to the motion for attorneys' fees.

However, the plaintiff has indicated that he is not opposed to the alternate 21-day extension requested by the defendants. *See* Dkt. Nos. 158 at 1; 160 at 1 n.1. Thus, the Court grants the defendants' request for a 21-day extension of their deadline to respond to the plaintiff's motion for attorneys' fees. Any response filed by March 4, 2024, shall be deemed timely.

So ordered on February 6, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE